**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
lking@kaplanfox.com
Linda M. Fong (SBN 124232)
lfong@kaplanfox.com
350 Sansome Street, Suite 400
San Francisco, California 94104
Telephone: (415) 772-4700
Facsimile:   (415) 772-4707

-and-

Robert N. Kaplan (pending *pro hac vice*)
rkaplan@kaplanfox.com
Lauren I. Dubick (pending *pro hac vice*)
ldubick@kaplanfox.com
850 Third Avenue, 14th Floor
New York, New York 10022
Telephone: (212) 687-1980
Facsimile:   (212) 687-7714

**CENTER FOR SCIENCE IN THE PUBLIC INTEREST**
Stephen Gardner (pending *pro hac vice*)
sgardner@cspinet.org
Amanda Howell (pending *pro hac vice*)
ahowell@cspinet.org
5646 Milton Street, Suite 714
Dallas, Texas 75206
Telephone: (214) 827-2774
Facsimile:   (214) 827-2787

*Counsel for Plaintiffs Colleen Gallagher and Ilana Farar*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN GALLAGHER and ILANA FARAR, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BAYER AG, BAYER CORPORATION, and BAYER HEALTHCARE LLC, <br><br> Defendants. | CASE NO.  14-cv-04601 <br><br> **CLASS ACTION COMPLAINT** <br><br> 1. Violation of State Consumer Protection Statutes <br><br> 2. Unjust Enrichment <br><br> 3. False Advertising (Cal. Bus. & Prof. Code. §§ 17500 *et seq.*) <br><br> **Demand for Jury Trial** |

Plaintiffs Colleen Gallagher and Ilana Farar ("Plaintiffs"), individually and on behalf of all others similarly situated, bring this action against Bayer AG, Bayer Corporation, and Bayer HealthCare, LLC (collectively, "Bayer" or "Defendants"), demanding a trial by jury, and allege as follows:

**NATURE OF THE CASE**

1.    This is a proposed national class action seeking redress for Bayer's deceptive practices[1] in misrepresenting the health benefits of varieties of its One A Day multivitamins[2] in violation of various state consumer protection laws.

2.    Consumers are increasingly health-conscious.  In an effort to improve their health, many consumers take dietary supplements such as multivitamins.  Some consumers believe they can prevent or treat specific illnesses and disease by taking supplements.

3.    State and federal dietary guidelines and nutrition science experts all agree that (a) nutrient needs should be met primarily by consuming foods,[3] (b) most

---

[1] The terms "deceptive," "deceptively," and "deception" encompass other descriptive terms, including various forms of the words: mislead, misrepresent, untrue, unfair, false, disparage, and unlawful.  All of these terms are referenced in California's Civil Code and California's Health and Safety Code.

[2] Including without limitation Bayer One A Day Women's Formula, One A Day Men's Health Formula, Women's One A Day 50+ Healthy Advantage, Men's One A Day 50+ Healthy Advantage, Men's One A Day Pro Edge Multivitamin, Women's One A Day Pro Edge, Women's One A Day Active Metabolism, Women's One A Day Menopause Formula, Women's One A Day Active Mind & Body, Women's One A Day Plus Healthy Skin Support, One A Day Women's Petites, One A Day Teen Advantage for Her, One A Day Teen Advantage for Him, One A Day Essential, One A Day Energy, One A Day Women's VitaCraves Gummies, One A Day Men's VitaCraves Gummies, One A Day VitaCraves Gummies Plus Immunity Support, One A Day VitaCraves Gummies Regular, and One A Day VitaCraves Sour Gummies.

[3] *E.g.*, CALIFORNIA FOOD GUIDE, CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES AND CALIFORNIA DEPARTMENT OF PUBLIC HEALTH (2008) *available at* http://www.cafoodguide.ca.gov ("Pills, powders, or supplements cannot replicate the combined effects of the vitamins, minerals, fiber, and phytochemicals found in fruit and vegetables . . ."); U.S. DEP'T OF AGRICULTURE, U.S. DEP'T OF HEALTH & HUMAN SERVS, DIETARY GUIDELINES FOR AMERICANS 2010 at ix, 5, *available at* www.dietaryguidelines.gov. Nat'l Inst. of Health, Office of Dietary Supplements, Health Professional Factsheet: Vitamin C ("Fruits and vegetables are the best sources of vitamin C."); Manuela Blasa, *et al.*, *Fruit and Vegetable Antioxidants in Health, in* Bioactive Foods Promoting Health: Fruits and Vegetables 37, 37-58 (Ronald Ross & Victor R. Preedy eds., 2010) ("The synergy among phytochemicals is one of the reasons that nutritional guidelines insist on varying the foods in one's diet, particularly fruits and vegetables.").

1    Americans are not vitamin deficient, and they consume adequate amounts of vitamins

2    and minerals,[4] and (c) for the most part, only those suffering from vitamin or mineral

3    deficiencies (usually due to diet or health issues) benefit from vitamin supplements.[5]

4        4.    These authorities also agree that multivitamin supplements are not

5    effective for preventing or treating diseases.

6        5.    Consumers' health concerns motivate the purchase and consumption of

7    One A Day multivitamins, from which Bayer significantly profits.  Bayer commands a

8    premium price for its One A Day multivitamins by distinguishing them from regular

9    multivitamins with targeted multivitamins aimed at various segments of the population

10   based on age, gender, and even health concerns.

11       6.    Bayer markets[6] its multivitamins with a variety of claims—including that

12   they support (a) "heart health," (b) "immunity," and (c) "physical energy" (collectively,

13   "Disease Prevention and Energy Claims").

14       7.    In its marketing campaign, Bayer deceptively claims that various One A

15   Day multivitamins possess certain characteristics, uses, or benefits that they do not have.

16       8.    Supplements are what economists call "credence goods."[7]  A credence

17   good is a good whose qualities consumers are not perfectly able to judge, even after they

---

[4] *See, e.g.*, Nat'l Inst. of Health, Office of Dietary Supplements, Health Professional Factsheet: Vitamin B12 ("Most children and adults in the United States consume recommended amounts of vitamin B12"); Nat'l Inst. of Health, Office of Dietary Supplements, Health Professional Factsheet: Vitamin B6 ("Most children, adolescents, and adults in the United States consume the recommended amounts of vitamin B6"); Nat'l Inst. of Health, Office of Dietary Supplements, Health Professional Factsheet: Calcium ("frank calcium deficiency is uncommon"); Nat'l Inst. of Health, Office of Dietary Supplements, Health Professional Factsheet: Vitamin C ("vitamin C deficiency and scurvy are rare in developed countries.") Nat'l Inst. of Health, Office of Dietary Supplements, Health Professional Factsheet: Vitamin E ("mean intakes of vitamin E among healthy adults are probably higher than the RDA").

[5] *See, e.g.*, Nat'l Inst. of Health, Office of Dietary Supplements, Health Professional Factsheet: Vitamin B6; Nat'l Inst. of Health, Office of Dietary Supplements, Health Professional Factsheet: Vitamin C; Nat'l Inst. of Health, Office of Dietary Supplements, Health Professional Factsheet: Vitamin E.

[6] "Marketing" includes all forms of advertising in all forms of media, including without limitation print advertisements, television and radio commercials, packaging and product labels, viral marketing, incentives, and websites.

[7] Matthew G. Nagler, *et al.*, *How Do Consumers Value a Credence Good?*, *available at* www.cide.info/conf/2009/iceee2009_submission_39.pdf ("Medications conform well to

*Footnote continued on next page*

1  consume it, due to both the nature of the product as well as unequal access to

2  information.[8]  In other words, consumers are unable to fully evaluate credence attributes

3  or credence goods—"includ[ing] the therapeutic value of a medicine"—*even after*

4  *purchase*.[9]  This means that consumers are not able to determine the efficacy of Bayer One

5  A Day products even after purchase and use.

6       9.     Bayer deceives consumers about One A Day Multivitamins—bombarding

7  consumers with messages of purported health benefits, and even using scare tactics to

8  convince consumers that they need Bayer's multivitamins.[10]

9       10.     Bayer's marketing and labeling also draws consumer attention away from

10  the fact that very little difference exists between varieties of Bayer One A Day

11  multivitamins.

12       11.     Even though reasonable consumers should not be forced to look beyond

13  the deceptive representations on Bayer One A Day multivitamins' labeling and

14  marketing materials to discover the truth about these supplements, due to the nature of

15  supplements, the majority of consumers could not even discover the truth without a

16  nutrition science degree.

17       12.     Thus, even if consumers do review Bayer One A Day multivitamins'

18  nutrition panels and ingredients lists, they will not be able to determine whether they

19  will actually experience Bayer's promised health benefits.  Thus, reasonable consumers

20  are misled into believing Bayer's deceptive claims about its One A Day multivitamins.

21  **JURISDICTION AND VENUE**

22       13.     This court has jurisdiction over all causes of action asserted herein,

23  pursuant to 28 U.S.C. § 1332(a) and (d) because the aggregate claims of the Class exceed

24

25  *Footnote continued from previous page*
the credence good model.").

26  [8] *See* Phillip Nelson, *Information and Consumer Behavior*, 78 J. POLITICAL ECON. 311(1970).

27  [9] *See, e.g.*, Richard Craswell, *Interpreting Deceptive Advertising*, 65 B.U. L. REV. 657 (July 1985) (citing Darby & Karni, *Free Competition and the Optimal Amount of Fraud*, 16 J.L. & ECON. 67, 72-77 (1973)).

28  [10] *See* Exhibit 1, attached.

the sum or value of $5,000,000 and there is diversity of citizenship between proposed class members and Bayer.

14.     Venue is appropriate in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2) because substantial acts in furtherance of the alleged improper conduct, including the dissemination of deceptive information regarding the benefits of Bayer One A Day multivitamins, occurred within this District, and Plaintiff Colleen Gallagher resides in the District.

15.     Bayer has sufficient minimum contacts with California and has intentionally availed itself of the markets in California through the marketing and sale of One A Day multivitamins in California, rendering the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

## THE PARTIES

**Plaintiffs**

16.     Plaintiff Colleen Gallagher ("Gallagher") is a resident of California. During the California Class Period (as defined below), in California, she purchased Bayer One A Day Women's multivitamin product from one or more retailers, including Walgreens, for personal, family, or household purposes.  The label on these multivitamins stated that they were formulated to support heart health, immunity, and physical energy.  Gallagher read these representations and relied on them when she purchased Bayer One A Day Women's multivitamin supplement.  She has seen similar representations made by Bayer relating to these multivitamins in online, print, or television advertising.

17.     Plaintiff Ilana Farar ("Farar") is a resident of California.  During the California Class Period (as defined below), in California, she purchased Bayer One A Day Women's multivitamin product from one or more retailers, including CVS, for personal, family, or household purposes.  The label on these multivitamins stated that they were formulated to support heart health, immunity, and physical energy.  Farar read these representations and relied on them when she purchased Bayer One A Day

Women's multivitamin supplement. She has seen similar representations made by Bayer relating to these multivitamins in online, print, or television advertising.

**Defendants**

18. Defendant Bayer AG is a German multinational chemical and pharmaceutical company.

19. Defendant Bayer Corporation is an Indiana corporation and is wholly owned by Bayer AG.

20. Bayer HealthCare LLC is a Delaware limited liability company and wholly owned by Bayer Corporation. Bayer HealthCare LLC is responsible for the marketing, distribution, and sale of Bayer One A Day multivitamins to millions of consumers throughout the United States.

21. This Complaint jointly refers to all three defendants as "Bayer," in the singular, unless the context demands otherwise. In 2013, Bayer reported 176 million Euros (roughly 225 million dollars) in sales attributable to its One A Day multivitamins.[11]

**GENERAL ALLEGATIONS**

22. Throughout the Class Periods (as defined below), Bayer engaged in a widespread marketing campaign to mislead consumers about the nature, composition, and nutritional and health benefits of its One A Day multivitamins in order to make these multivitamins more desirable to consumers, increase sales, and gain market share.

23. Each type of Bayer One A Day multivitamin is substantially similar to the multivitamin purchased by Plaintiffs because each multivitamin prominently bears the One A Day logo, makes one or more of the unlawful Disease Prevention and Energy Claims, and provides a substantially similar combination of vitamins.

24. Bayer deceptively markets its One A Day multivitamins using the following unlawful claims:

---

[11] Bayer AG, 2013 Annual Report 110 (2014).

**Heart Health**

25.     Bayer claims that many of its One A Day multivitamins "support heart health."

26.     Bayer claims that taking One A Day multivitamins can prevent cardiovascular disease.  That claim is false and deceives consumers.

27.     Bayer makes its heart health claims based on its products' vitamin B6, B12, C, E, and folic acid (another B vitamin) content.

28.     Scientists have examined whether supplementation with these vitamins prevents heart disease, and studies have shown that they do not.  For instance, the National Institutes of Health and the American Heart Association confirm that supplementation with these vitamins does not help reduce the risk or severity of heart disease.[12]

29.     Bayer makes deceptive blood pressure and heart health claims for many of its One A Day multivitamins, including One A Day Men's 50+, One A Day Men's Health Formula, One A Day Women's 50+, One A Day Menopause Formula, One A Day Women's Formula, One A Day Essential, One A Day VitaCraves, One A Day Men's VitaCraves, One A Day VitaCraves Sour Gummies, and One A Day Energy.

30.     Bayer's claims are false because scientific evidence confirms that supplementation with vitamin B6, B12, C, E, and folic acid does not prevent heart disease.

31.     Bayer makes deceptive heart health claims for these products on its One A Day website, on product packaging, and in print and television advertisements.

32.     For example, one television advertisement for One A Day Men's Health Formula shows a man working on a car engine saying, "One way I take care of my

---

[12] *See, e.g.*, Nat'l Inst. of Health, Office of Dietary Supplements, Health Professional Factsheet: Vitamin B6; American Heart Association Nutrition Committee, A.H. Lichtenstein, *et al.*, *Diet and lifestyle recommendations revision 2006: a scientific statement from the American Heart Association Nutrition Committee*, 114 CIRCULATION 82-96 (2006); Nat'l Inst. of Health, Office of Dietary Supplements, Health Professional Factsheet: Vitamin E; Nat'l Inst. of Health, Office of Dietary Supplements, Health Professional Factsheet: Vitamin C.

engine is with One A Day Men's.  A complete multivitamin **with nutrients to help support heart health**."[13]

33.     Another television advertisement for One A Day Men's 50+ claims that the product is "a complete multivitamin designed for men's health concerns as we age." During the commercial, the claim "[s]upports heart and eye health"[14] appears prominently on the screen while a voice-over mentions that the multivitamin is "designed for men's health concerns as we age."  The juxtaposition of the claim and the voice-over leads a consumer to believe that taking Bayer One A Day Men's 50+ will, *inter alia*, help prevent heart disease.

**One A Day Men's 50+ television commercial**



34.     Bayer's website for the One A Day Men's Health Formula is pictured below, with Bayer's heart health claims highlighted.[15]

---

[13] *Available at* http://www.ispot.tv/ad/7ojR/one-a-day-mens-health-formula-engine-care (emphasis added).

[14] *Available at* http://www.ispot.tv/ad/7VFd/one-a-day-mens-50-

[15] One A Day website, One A Day Men's Health Formula, http://oneaday.com/mens.html

*Footnote continued on next page*



One A Day® Men's Health Formula
A complete multivitamin for men.

One A Day® Men's is a complete multivitamin designed specifically for leading health concerns of men such as helping to support heart health.†* One A Day® Men's Health Formula has more** of 10 key nutrients than Centrum Men.

One A Day® Men's Health Formula is specially formulated to support:*
- Heart Health‡ with Vitamins B6, B12, C, E and Folic Acid
- Healthy Blood Pressure†† with Vitamin C, Calcium, Magnesium and more† Vitamin D
- Immune Health with Vitamins A, C, E and Selenium
- Physical Energy with Vitamins B1, B2, B3, B5, B6, Folic Acid, Biotin and Chromium to help convert food to fuel

35.    Consumers interpret Bayer's heart health claims to mean that Bayer's multivitamins bearing such claims will prevent or ameliorate heart disease. However, Bayer's products will not in fact prevent or treat heart disease.

36.    Because Bayer deceptively represents that its One A Day multivitamins can be used in the cure, mitigation, treatment, or prevention of cardiovascular disease including heart disease, Bayer's deceptive representations are illegal disease prevention claims.[16]

37.    Because Bayer's heart health claims cause consumers to believe that taking One A Day multivitamins can help them prevent or ameliorate heart disease, these claims are illegal and deceptive, and reasonable consumers are likely to be deceived.

**Immunity**

38.    Bayer claims that many of its One A Day multivitamins help "support immunity."

---

*Footnote continued from previous page*
(last visited Aug. 13, 2014) (emphasis added).

[16] Cal. Health & Safety Code §§ 109875, *et seq.* California's Sherman Law expressly adopts the federal labeling requirements of the Federal Food, Drug, and Cosmetic Act and the Nutrition Labeling and Education Act.

39.     Consumers interpret Bayer's immunity claims to mean that taking One A Day multivitamins will help them get sick less often, *i.e.*, that these products will help them prevent disease.[17]  Bayer's immunity claim is false and deceives consumers.

40.     Bayer makes its immunity claims based on its products' vitamin A, C, and E, selenium, iron, *beta*-carotene, and zinc content.

41.     Bayer's immunity claims are false because scientific studies confirm that supplementation with these vitamins has no effect on the immunity of adults in developed countries like the United States.[18]

42.     This is confirmed by randomized controlled trials[19]—the gold standard of clinical research—that show that, as measured by the number, severity, or length of illnesses, taking multivitamins does not affect immunity.[20]

43.     Bayer makes deceptive immunity claims for many of its One A Day multivitamins, including One A Day Women's Formula, One A Day Women's 50+, One A Day Men's Health Formula, One A Day Men's 50+, One A Day Women's Petites, One A Day Women's Plus Healthy Skin Support, One A Day Teen Advantage for Her, One A

---

[17] The FTC has found that "reasonable consumers may interpret an advertisement to mean that the product will reduce the likelihood of getting [the disease], even if respondent includes language indicating that the science supporting the effect is limited in some way." *In re The Dannon Company, Inc.*, FTC File No. 0823158, Analysis of Proposed Consent Order to Aid Public Comment 80053 (Dec. 15, 2010), www.ftc.gov/os/fedreg/ 2010/december/101221dannonfrn.pdf (last visited Aug. 14, 2014).

[18] *E.g.*, Nat'l Inst. of Health, Office of Dietary Supplements, Health Professional Factsheet: Vitamin C (". . . regular intakes of vitamin C at doses of at least 200 mg/day do not reduce the incidence of the common cold in the general population") ("vitamin C supplementation, usually in combination with other micronutrients, does not affect cancer risk."); R.M. Douglas, *et al.*, *Vitamin C for Preventing and Treating the Common Cold*, 3 Cochrane Database Syst. Rev. CD000980 (2007); H. Hemilä, *The Role of Vitamin C in the Treatment of the Common Cold*, 76 Am. Family Physician 1111, 1115 (2007). E. Villamor, *et al.*, *Effects of Vitamin A Supplementation on Immune Responses and Correlation with Clinical Outcomes*, 3 Clin. Microbiology Rev. 446-64 (July 2005).

[19] A randomized controlled trial is a study in which people are allocated at random (by chance alone) to receive one of several clinical interventions, and one of these interventions is the standard of comparison or control.

[20] Audrey I. Stephen, *et al.*, *A Systematic Review of Multivitamin and Multimineral Supplementation for Infection*, 19(3) J. Human Nutrition & Dietetics 179 (June 2006) (a meta-analysis of 17 randomized controlled trials found no evidence for "a reduction in episodes of infection, the number of days of infection, or antibiotic use" in participants supplemented with multivitamins).

Day Teen Advantage for Him, One A Day Essential, One A Day VitaCraves, One A Day VitaCraves Gummies Plus Immunity Support, One A Day Women's VitaCraves, One A Day Men's VitaCraves, One A Day VitaCraves Sour Gummies, and One A Day Energy.

44.    Bayer makes immunity claims for these products on the One A Day website, on product packaging, and in print and television advertisements.

45.    For example, Bayer makes prominent immunity claims on the product packaging for its One A Day Essential multivitamin, pictured below with the immunity claim highlighted with a red box.

**Front Panel**



**Top Panel**



46.   Bayer's website for One A Day VitaCraves Gummies, which calls the product "A fun way to help support your immune health," is pictured below, with immunity claims highlighted.[21]



47.   Consumers interpret Bayer's deceptive immunity claims to mean that by taking Bayer's multivitamins, they will avoid getting sick.  However, Bayer's products will not in fact prevent consumers from getting sick.

48.   Because Bayer deceptively represents that its One A Day multivitamins can be used in the cure, mitigation, treatment, or prevention of disease, Bayer's deceptive representations are illegal disease prevention claims.[22]

49.   Because Bayer's immunity claims cause consumers to believe that taking One A Day multivitamins can prevent them from getting sick, Bayer's immunity claims are illegal and deceptive and reasonable consumers are likely to be deceived.

---

[21] One A Day website, One A Day VitaCraves Gummies Plus Immunity Support, http://oneaday.com/vitacraves_immunity.html (last visited Aug. 14, 2014) (emphasis added).

[22] Cal. Health & Safety Code §§ 109875, *et seq.* California's Sherman Law expressly adopts the federal labeling requirements of the Federal Food, Drug, and Cosmetic Act and the Nutrition Labeling and Education Act.  *See* 21 C.F.R. 101.93(g).

**Physical Energy**

50.     Bayer claims that many of its One A Day multivitamins help "support physical energy."  Consumers interpret energy claims to mean that they will feel more energetic simply due to taking these multivitamins.  Bayer's energy claim is false and deceives consumers.

51.     Bayer makes its energy claims based on its products' vitamin B6, B12, pantothenic acid (vitamin B5), chromium, thiamin (vitamin B1), riboflavin (vitamin B2), niacin, and folic acid content.

52.     However, the National Institutes of Health and scientific studies confirm that no amount of supplementation with these vitamins has any effect on the energy levels of Americans who are not vitamin deficient.[23]

53.     Bayer makes deceptive energy claims for several of its One A Day multivitamins, including One A Day Women's Formula, One A Day Women's 50+, One A Day Men's Health Formula, One A Day Men's 50+, One A Day Women's Petites, One A Day Menopause Formula, One A Day Women's Active Mind & Body, One A Day Women's Plus Healthy Skin Support, One A Day Teen Advantage for Her, One A Day Teen Advantage for Him, One A Day Essential, One A Day VitaCraves, One A Day Women's VitaCraves, One A Day Men's VitaCraves, One A Day VitaCraves Sour Gummies, and One A Day Energy.

---

[23] *See* Mayo Clinic, Drugs and Supplements, Vitamin B6 (Pyridoxine), http://www.mayoclinic.org/drugs-supplements/vitamin-b6/background/hrb-20058788 (last visited Aug. 14, 2014); Nat'l Inst. of Health, Office of Dietary Supplements, Health Professional Factsheet: Vitamin B12 ("vitamin B12 supplementation appears to have no beneficial effect on performance in the absence of a nutritional deficit."); Mayo Clinic, Drugs and Supplements, Pantothenic Acid, http://www.mayoclinic.org/drugs-supplements/pantothenic-acid-oral-route/description/drg-20065349 (last visited Aug. 14, 2014) ("Vitamins alone will not take the place of a good diet and will not provide energy."); Anthony Komaroff, *Do "Energy Boosters" Work?*, Harvard Health Blog (Nov. 15, 2013) http://www.health.harvard.edu/blog/do-energy-boosters-work-201311156878 (last visited Aug. 14, 2014); New York Times Health Guides, Thiamin In-Depth Report, http://www.nytimes.com/health/guides/nutrition/thiamine/print.html (last visited Aug. 14, 2014) ("vitamins are not sources of energy."); Nat'l Inst. of Health, Medline Plus, Folic Acid, http://www.nlm.nih.gov/medlineplus/druginfo/natural/1017.html (last visited Aug. 14, 2014). *See also* Carrie Dennett, *Vitamin B for Energy? Not So Fast*, Seattle Times (Oct. 8, 2012), *available at* http://seattletimes.com/html/health/2019330308_healthdennett07.html.

54.     Bayer's claims are false because scientific evidence confirms that supplementation with vitamin B6, B12, pantothenic acid (vitamin B5), chromium, thiamin (vitamin B1), riboflavin (vitamin B2), niacin, or folic acid does not affect the energy levels of typical Americans.

55.     Bayer makes energy claims for these products on the One A Day website, on product packaging, and in print and television advertisements.

56.     For example, one television advertisement for Bayer One A Day VitaCraves with Energy Support shows a man performing gymnastics on a tight rope while the voice-over says, "[f]or those who want to enjoy their days, not just get through them: New One A Day VitaCraves with Energy Support.  The only complete gummy multivitamin that supports energy and mental alertness.  New—from One A Day."[24] After the man dismounts the tightrope, the following graphic is displayed:

**One A Day VitaCraves with Energy Support television commercial:**



_____

[24] http://www.ispot.tv/ad/7yV2/one-a-day-adult-vitacraves-gummies-with-energy-support-tightrope (last visited Aug. 14, 2014).

57.     Bayer's website for its One A Day Energy multivitamin, promising to "help convert food to energy" is pictured below with the energy claims highlighted.[25]



58.     Consumers interpret Bayer's deceptive energy claims to mean that by taking Bayer's multivitamins, they will experience increased energy.  However, because Bayer's products will not in fact increase consumers' energy, Bayer's energy claims are illegal and deceptive, and reasonable consumers are likely to be deceived.

## CLASS ACTION ALLEGATIONS

59.     Plaintiffs bring this action as a class action pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.  Plaintiffs seek to represent the following classes:

**National**:  All persons in the United States who purchased Bayer One A Day multivitamins containing one or more Disease Prevention and Energy Claim at any time during the applicable limitations period (the "National Class Period").  Excluded from the Class are Defendants' officers and directors and the immediate families of Defendants' officers and directors.  Also excluded from the Class are the Defendants and their subsidiaries, parents, affiliates, joint venturers, and any entity in which Defendants have or have had a controlling interest.

**California**:  All persons in California who purchased Bayer One A Day multivitamins containing one or more Disease Prevention and Energy Claim between October 15, 2010 and the date of filing (the "California

---

[25] One A Day website, One A Day Energy, http://oneaday.com/energy.html (last visited Aug. 14, 2014) (emphasis added).

Class Period"). Excluded from the Class are Defendants' officers and directors and the immediate families of Defendants' officers and directors. Also excluded from the Class are the Defendants and their subsidiaries, parents, affiliates, joint venturers, and any entity in which Defendants have or have had a controlling interest.

60.     For purposes of the Complaint, the term "Class" refers collectively to the National and California Classes, the phrase "Class Members" refers to all members of the Class, including the named Plaintiffs, and the term "Class Periods" refers collectively to the National Class Period and the California Class Period.

61.     This action has been brought and may properly be maintained as a class action against Bayer pursuant to the provisions of Federal Rule of Civil Procedure 23 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

62.     Numerosity: Plaintiffs do not know the exact size of the Class, but given the nature of the claims and Bayer's sales of One A Day multivitamins nationally, Plaintiffs believe that Class Members are so numerous that joinder of all members of the Class is impracticable.

63.     Common Questions Predominate: This action involves common questions of law and fact because each Class Member's claim derives from the same deceptive practices. The common questions of law and fact involved predominate over questions that affect only Plaintiffs or individual Class Members. Thus, proof of a common or single set of facts will establish the right of each member of the Class to recover. Among the questions of law and fact common to the Class are:

- Whether Bayer marketed and sold One A Day multivitamins to Plaintiffs, and those similarly situated, using deceptive statements or representations;

- Whether Bayer omitted or misrepresented material facts in connection with the marketing and sale of One A Day multivitamins;

- Whether Bayer engaged in a common course of conduct as described in this Complaint;

- Whether Bayer's marketing and sales of One A Day multivitamins constitutes a deceptive practice; and

- Whether, and to what extent, injunctive relief should be imposed on Bayer to prevent such conduct in the future.

64. Typicality: Plaintiffs' claims are typical of the Class because all Class Members bought products bearing one or more of Bayer's deceptive claims. Bayer's deceptive actions concern the same business practices described in this Complaint, irrespective of where they occurred or were received. The injuries and damages of each Class Member were caused directly by Bayer's illegal conduct as alleged in this Complaint.

65. Adequacy: Plaintiffs will fairly and adequately protect the interests of all Class Members because it is in their best interests to prosecute the claims alleged in this Complaint to obtain full compensation they are due for Bayer's illegal conduct. Plaintiffs also have no interests that conflict with or are antagonistic to the interests of Class Members. Plaintiffs have retained highly competent and experienced class action attorneys to represent their interests and that of the Class. No conflict of interest exists between Plaintiffs and Class Members because all questions of law and fact regarding liability of Bayer are common to Class Members and predominate over the individual issues that may exist, such that by prevailing on their own claims, Plaintiffs necessarily will establish Bayer's liability to all Class Members. Plaintiffs and their counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiffs and counsel are aware of their fiduciary responsibilities to the Class Members and are determined to diligently discharge those duties seeking the maximum possible recovery for the Class Members.

66. Superiority: There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by members of the Class will tend to establish inconsistent standards of conduct for Bayer and result in the impairment of Class Members' rights and disposition of their interests through actions to which they were not parties. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum

1   simultaneously, efficiently, and without the unnecessary duplication of effort and

2   expense that numerous individual actions would engender.  Furthermore, as the

3   damages suffered by each individual member of the Class may be relatively small, the

4   expenses and the burden of individual litigation would make it difficult or impossible

5   for individual members of the Class to redress the wrongs done to them, while an

6   important public interest will be served by addressing the matter as a class action.

7        67.    The prerequisites to maintaining a class action for injunctive or equitable

8   relief pursuant to Fed. R. Civ. P. 23(b)(2) are met as Bayer has acted or refused to act on

9   grounds generally applicable to the Class, thereby making appropriate final injunctive

10  or equitable relief with respect to the Class as a whole.

11       68.    Plaintiffs are unaware of any difficulties that are likely to be encountered

12  in the management of this action that would preclude its maintenance as a class action.

**FIRST CAUSE OF ACTION**
**(Violation of State Consumer Protection Statutes)**

15       69.    Plaintiffs incorporate and re-allege the unlawful business acts and

16  practices of Bayer as set forth in paragraphs 1 through 68 above.

17       70.    Plaintiffs and Class Members are consumers who purchased Bayer One A

18  Day multivitamins for personal, family, or household purposes.

19       71.    Bayer had a statutory duty to refrain from unfair or deceptive acts and

20  practices in the manufacturing, marketing, distributing, and selling of One A Day

21  multivitamins.

22       72.    Bayer violated this duty through its misleading and deceptive marketing

23  and labeling practices with respect to its One A Day multivitamins.

24       73.    Plaintiffs and Class Members were misled or deceived by Bayer's

25  misleading and deceptive marketing and labeling practices with respect to its One A

26  Day multivitamins.

27       74.    As a result of Bayer's misleading and deceptive marketing and labeling

28  practices with respect to its One A Day multivitamins, Plaintiffs and Class Members

were directly and proximately injured in that they purchased and paid a premium for Bayer One A Day multivitamins that did not conform to what was promised in Bayer's marketing and labeling.

75.    Plaintiffs and Class Members would not have purchased and paid a premium for Bayer One A Day multivitamins absent Bayer's misleading and deceptive marketing and labeling practices.

76.    As a result of Bayer's misleading and deceptive marketing and labeling practices with respect to its One A Day multivitamins, Plaintiffs and Class Members suffered an ascertainable loss and are entitled to relief in an amount to be determined at trial.

77.    Bayer's misleading and deceptive marketing and labeling practices with respect to its One A Day multivitamins constitute unfair, unconscionable, deceptive, or fraudulent acts and practices in violation of the various state consumer protection statutes listed below:

  a. The Arizona Consumer Fraud Act, Ariz. Rev. Stat. §§ 44-1521, *et seq.*;

  b. The Arkansas Deceptive Trade Practices Act, Ark. Code §§ 4-88-101, *et seq.*;

  c. The California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* and the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*;

  d. The Connecticut Unfair Trade Practices Act, C.G.S.A. §§ 42-110a, *et seq.*;

  e. The Delaware Consumer Fraud Act, 6 Del. C. §§ 2511, *et seq.*;

  f. The District of Columbia Consumer Protection Procedures Act, DC Code §§ 28-3901, *et seq.*;

  g. The Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.*;

1   h.   The Hawaii Deceptive Practices Act, Haw. Rev. Stat. §§ 480-1, *et seq.*
2        and the Hawaii Uniform Deceptive Trade Practice Act, Haw. Rev.
3        Stat. §§ 481A-1, *et seq.*;
4   i.   The Illinois Consumer Fraud and Deceptive Business Practices Act,
5        815 ILCS 505/1, *et seq.*;
6   j.   The Kansas Consumer Protection Act, Kan. Stat. §§ 50-623, *et seq.*;
7   k.   The Kentucky Consumer Protection Act, Ky. Rev. Stat. §§ 367.110,
8        *et seq.*;
9   l.   The Maine Unfair Trade Practices Act, Me. Rev. Stat. tit. 5, §§ 205-A,
10       *et seq.*;
11  m.   The Maryland Consumer Protection Act, Md. Code, Com. Law
12       §§ 13-101, *et seq.*;
13  n.   The Massachusetts Consumer Protection Act, Mass. Gen. Laws
14       ch. 93A, §§ 1, *et seq.*;
15  o.   The Michigan Consumer Protection Act, Mich. Comp. Laws
16       §§ 445.901, *et seq.*;
17  p.   The Minnesota Consumer Fraud Act, Minn. Stat. § 325F.69; the
18       Minnesota False Statement in Advertising Act, Minn. Stat. § 325F.67;
19       the Minnesota Unlawful Trade Practices Act, Minn. Stat. §§ 325D.09,
20       *et seq.*; and the Minnesota Deceptive Trade Practices Act, Minn. Stat.
21       §§ 325D.43, *et seq.*;
22  q.   The Missouri Merchandising Practices Act, Mo. Stat. §§ 407.010,
23       *et seq.*;
24  r.   The Nebraska Consumer Protection Act, Neb. Rev. Stat. §§ 59-1601,
25       *et seq.*;
26  s.   The Nevada Deceptive Trade Practices Act, Nev. Rev. Stat.
27       §§ 598A.010, *et seq.*;
28

| | | |
|---|---|---|
| 1 | t. | The New Hampshire Consumer Protection Act, N.H. Rev. Stat. |
| 2 | | §§ 358-A:1, *et seq.*; |
| 3 | u. | The New Jersey Consumer Fraud Act, N.J. Stat. §§ 56:8-1, *et seq.*; |
| 4 | v. | The New Mexico Unfair Practices Act, N.M. Stat. §§ 57-12-1, *et seq.*; |
| 5 | w. | The New York Consumer Protection Act, N.Y. Gen. Bus. Law |
| 6 | | §§ 349, *et seq.*; |
| 7 | x. | The North Carolina Unfair Trade Practices Act, N.C. Gen. Stat. |
| 8 | | §§ 75-1, *et seq.*; |
| 9 | y. | The North Dakota Unlawful Sales of Advertising Practices Act, N.D. |
| 10 | | Cent. Code §§ 51-15-01, *et seq.*; |
| 11 | z. | The Ohio Consumer Sales Practices Act, Ohio Rev. Code §§ 1345.01, |
| 12 | | *et seq.*; |
| 13 | aa. | The Oklahoma Consumer Protection Act, Okla. Stat. tit. 15, §§ 751, |
| 14 | | *et seq.*; |
| 15 | bb. | The Oregon Unlawful Trade Practices Act, Or. Rev. Stat. §§ 646.605, |
| 16 | | *et seq.*; |
| 17 | cc. | The Pennsylvania Unfair Trade Practices and Consumer Protection |
| 18 | | Law, 73 Pa. Stat. §§ 201-1, *et seq.*; |
| 19 | dd. | The Rhode Island Deceptive Trade Practices Act, R.I. Gen. Laws |
| 20 | | §§ 6-13.1-1, *et seq.*; |
| 21 | ee. | The South Dakota Deceptive Trade Practices and Consumer |
| 22 | | Protection Act, S.D. Codified Laws §§ 37-24-1, *et seq.*; |
| 23 | ff. | The Utah Consumer Sales Practices Act, Utah Code §§ 13-11-1, |
| 24 | | *et seq.*; |
| 25 | gg. | The Vermont Consumer Fraud Act, Vt. Stat. tit. 9, §§ 2451, *et seq.*; |
| 26 | hh. | The Virginia Consumer Protection Act of 1977, Va. Code §§ 59.1-196, |
| 27 | | *et seq.*; |
| 28 | | |

1          ii.     The Washington Consumer Protection Act, Wash. Rev. Code

2                  §§ 19.86.010, *et seq.*; and

3          jj.     The Wisconsin Deceptive Trade Practices Act, Wis. Stat. § 100.18.

4      78.     Plaintiffs have provided notice to the Attorney General where required by

5  state statute and have sent a pre-suit demand letter.

6      79.     Plaintiffs and Class Members seek damages, restitution, disgorgement,

7  costs and expenses, attorneys' fees, and any other remedies authorized by the above

8  statutes necessary to restore to Plaintiffs and Class Members any money that Bayer

9  acquired by means of its misleading and deceptive marketing and labeling practices

10 with respect to its One A Day multivitamins.

11     80.     The above-described unlawful business acts and practices of Bayer, and

12 each of them, present a threat and reasonable likelihood of deception to Plaintiffs and

13 members of the Class in that Bayer has systematically perpetrated and continued to

14 perpetrate such acts or practices on members of the Class by means of its deceptive

15 marketing and labeling practices with respect to its One A Day multivitamins.

**SECOND CAUSE OF ACTION**
**(Unjust Enrichment)**

18     81.     Plaintiffs incorporate and re-allege Bayer's deceptive marketing and

19 labeling practices as set forth in paragraphs 1 through 68 above.

20     82.     As a result of Bayer's deceptive marketing and labeling of its One A Day

21 multivitamins, as described above, Bayer was enriched, at the expense of Plaintiffs and

22 those similarly situated, through the payment of the purchase price for One A Day

23 multivitamins.

24     83.     Under the circumstances, it would be against equity and good conscience

25 to permit Bayer to retain the ill-gotten benefits that it received from Plaintiffs and those

26 similarly situated, in light of the fact that the One A Day multivitamins purchased by the

27 Plaintiffs, and those similarly situated were not what Bayer purported them to be. Thus,

28 it would be unjust or inequitable for Bayer to retain the benefit without restitution to

Plaintiffs, and those similarly situated, for monies paid to Bayer for One A Day multivitamins.

## THIRD CAUSE OF ACTION
### (Business & Professions Code §§ 17500, *et seq.* - Untrue or Misleading Advertising)

84.     Plaintiffs incorporate and re-allege the untrue or misleading advertising practices of Bayer as set forth in paragraphs 1 through 68 above, each of which constitutes untrue or misleading advertising under California Business and Professions Code §§ 17500, *et seq.*

85.     At all material times, Bayer engaged in a scheme of offering its One A Day multivitamin varieties for sale to Plaintiffs and other members of the Class by way of, *inter alia*, commercial marketing.  These marketing materials misrepresented or omitted the true results of taking these multivitamins.  Said advertisements and inducements were made within the State of California and come within the definition of advertising as contained in Business and Professions Code §§ 17500, *et seq.* in that such marketing materials were intended as inducements to purchase One A Day multivitamins and are statements disseminated by Bayer to Plaintiffs and the Class and were intended to reach members of the Class.  Bayer knew, or in the exercise of reasonable care should have known, that these statements were untrue or misleading.

86.     In furtherance of this plan and scheme, Bayer has prepared and distributed within the State of California via commercial marketing, statements that deceptively represent the ingredients contained in, and the nature and quality of, One A Day multivitamins.  Consumers, including Plaintiffs and Class Members, necessarily and reasonably relied on these materials concerning One A Day multivitamins.  Consumers, including Plaintiffs and the Class, were among the intended targets of such representations and would reasonably be deceived by such materials.

87.     The above acts of Bayer, in disseminating said deceptive and untrue statements throughout the State of California to consumers, including Plaintiffs and members of the Class, were and are likely to deceive reasonable consumers, including

1  Plaintiffs and other members of the Class, by obfuscating the true nature of One A Day

2  multivitamins, all in violation of California Business and Professions Code § 17500.

3        88.     As a result of the above violations of California Business and Professions

4  Code §§ 17500, *et seq.*, Bayer has been unjustly enriched at the expense of Plaintiffs and

5  the other members of the Class.  Plaintiffs and the Class, pursuant to Business and

6  Professions Code § 17535, are entitled to an order of this Court enjoining such future

7  conduct on the part of the Bayer, and such other orders and judgments which may be

8  necessary to disgorge Bayer's ill-gotten gains and restore to any person in interest any

9  money paid for One A Day multivitamins as a result of the wrongful conduct of Bayer.

**PRAYER FOR RELIEF**

11        THEREFORE, Plaintiffs ask the Court to enter the following judgment:

12        1.     Approving of the Class, certifying Plaintiffs as representatives of the Class,

13  and designating their counsel as counsel for the Class;

14        2.     Declaring that Bayer has committed the violations alleged herein;

15        3.     Granting damages, restitution, or disgorgement to Plaintiffs and the Class;

16        4.     Granting declaratory and injunctive relief to enjoin Defendant from

17  engaging in the unlawful practices described in this Complaint;

18        5.     Granting compensatory damages, the amount of which is to be determined

19  at trial;

20        6.     Granting punitive damages;

21        7.     Granting pre- and post-judgment interest;

22        8.     Granting attorneys' fees and costs; and

23        9.     Granting further relief as this Court may deem proper.

1
      **JURY TRIAL DEMANDED**

2
    Plaintiffs hereby demand a trial by jury.

3
Dated: October 15, 2014     **KAPLAN FOX & KILSHEIMER LLP**

4

5
    By:     */s/ Laurence D. King*
          Laurence D. King

6
    Laurence D. King (SBN 206423)
    lking@kaplanfox.com

7
    Linda M. Fong (SBN 124232)
    lfong@kaplanfox.com

8
    350 Sansome Street, Suite 400
    San Francisco, California 94104

9
    Telephone: (415) 772-4700
    Facsimile:  (415) 772-4707

10

11
    **KAPLAN FOX & KILSHEIMER LLP**
    Robert N. Kaplan (pending *pro hac vice*)
    rkaplan@kaplanfox.com

12
    Lauren I. Dubick (pending *pro hac vice*)
    ldubick@kaplanfox.com

13
    850 Third Avenue, 14th Floor
    New York, New York 10022

14
    Telephone: (212) 687-1980
    Facsimile:  (212) 687-7714

15

16
    **CENTER FOR SCIENCE IN THE PUBLIC INTEREST**
    Stephen Gardner (pending *pro hac vice*)
    sgardner@cspinet.org

17
    Amanda Howell (pending *pro hac vice*)
    ahowell@cspinet.org

18
    5646 Milton Street, Suite 714
    Dallas, Texas 75206

19
    Telephone: (214) 827-2774
    Facsimile:  (214) 827-2787

20
    *Counsel for Plaintiffs Colleen Gallagher and Ilana Farar*

21

22

23

24

25

26

27

28

1

**EXHIBIT 1**

2

3    **BAYER ONE A DAY WEBSITE HOMEPAGE:**
4    http://www.oneaday.com/

5

6

7    

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28