UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## CIVIL MINUTES

| **Date:** April 17, 2018 | **Time:** 22 minutes 2:14 p.m. to 2:36 p.m. | **Judge:** WILLIAM H. ORRICK |
|---|---|---|
| **Case No.:** 14-cv-04601-WHO | **Case Name:** Farar v. Bayer AG | |

**Attorneys for Plaintiff:**   Laurence D. King, Linda M. Fong and Matthew Zevin (appearing personally)

**Attorneys for Defendant:**   Ryan M. Sandrock and Benjamin M. Mundel (appearing personally)
Jonathan Cohn (appearing telephonically)

**Deputy Clerk:** Jean Davis              **Court Reporter:** FTR Recording

## PROCEEDINGS

Counsel appear for case management conference to discuss the notice plan and trial plan.

**Notice Plan**. The plaintiffs' long form notice, publication form, and internet banner will be adopted, with a few revisions requested by defendants to the Long Form Notice and Publication Form. On plaintiffs' Long Form Notice (Dkt. No. 190-2), following the table identifying the specific products at issue in Section 4, add the following:
- The Supplements included in this lawsuit made the following claims: that they support "heart health," "immunity," and/or "physical energy."
- If you purchased a Bayer Supplement that is on the list but it did not have any of the three claims listed above on its packaging, you are not included in the class.

On plaintiffs' Publication Form (Dkt. No. 190-2):
- Include at the end of the first sentence, "Bayer denies these representations are misleading or false and contends that its Supplements provide the advertised health benefits."
- Under the "Are You Included" section, identify the "three particular claims" that plaintiffs allege are misleading. Sentence SHOULD READ: "Generally, you are included in the Class if your purchased certain One A Day Supplements in California, Florida, or New York that included claims the product supports "heart health," "immunity," and/or "physical energy. Visit the website . . ."

Plaintiffs shall submit revised versions of these forms and the Court will enter the Stipulation to the Notice Plan.

**Trial Plan**. The trial will be bifurcated with a jury considering first liability, then damages, restitution, and offsets, as may be warranted. The structure will be as follows, subject to further

fine tuning at the Pretrial Conference if required in light of motions in limine and subject to how the evidence comes in at trial:

**Phase I - Liability**

- Plaintiffs prove that false or misleading representations were made – hearth health, immunity, physical energy.
- Plaintiffs prove that named plaintiffs saw and relied on the misrepresentations.
- Plaintiffs prove the misrepresentations were material, through evidence of Bayer's marketing materials/plans/research, named plaintiffs testimony, marketing/ expert testimony.
- Liability under the UCL determined by Court based upon evidence presented during Phase I.

**Phase II - Damages/Restitution/Relief**

Damages/Restitution

- Plaintiffs prove that supplements do not benefit majority of class members.
- Plaintiffs prove how much product containing the misrepresentations was sold – to set the aggregate damage award/restitution base

Offset
- Defendants prove a reduction in aggregate damages award/argue for reduction in restitution due to benefit of supplements to some class members.
- Plaintiffs rebut

Ultimate Aggregate Damages Award
- Determined by jury

Ultimate Restitution Award
- Determined by Court

Injunctive Relief
- Determined by Court

**Phase III – Claims Administration**

Claim Form
- Claim forms may exclude claimants who were prescribed vitamins or otherwise took supplements because of a diagnosed nutrition deficiency.
- The exact nature of claimants who may be "carved out" and not entitled to damages or restitution to be determined based on evidence in Phase II.
- Bayer will be allowed to challenge any particular claimant's entitlement to benefits, under procedure administered by Claims Administrator.

REFERRALS:

This case has been referred to Magistrate Judge Kandis A. Westmore for SETTLEMENT CONFERENCE. That conference should be completed by November 2, 2018, or as soon thereafter as is deemed to be convenient and appropriate by Judge Westmore.