REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED.

**WILKINSON WALSH + ESKOVITZ LLP**
Sean Eskovitz (SBN 241877)
*seskovitz@wilkinsonwalsh.com*
11726 San Vincente Blvd., Suite 600
Los Angeles, CA 90049
Telephone: (424) 316-4000
Facsimile: (202) 847-4005

**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
*bstekloff@wilkinsonwalsh.com*
James M. Rosenthal (*pro hac vice*)
*jrosenthal@wilkinsonwalsh.com*
Kieran Gostin (*pro hac vice*)
*kgostin@wilkinsonwalsh.com*
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005

**SIDLEY AUSTIN LLP**
Ryan M. Sandrock (SBN 251781)
*rsandrock@sidley.com*
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

**SIDLEY AUSTIN LLP**
Jonathan F. Cohn (*pro hac vice*)
*jcohn@sidley.com*
Benjamin Mundel (*pro hac vice*)
*bmundel@sidley.com*
Jacquelyn E. Fradette (*pro hac vice*)
*jfradette@sidley.com*
Nicole Frazer Reaves (*pro hac vice*)
*nfrazerreaves@sidley.com*
1501 K Street, N.W.
Washington, DC, 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

*Counsel for Defendants Bayer AG, Bayer Corporation, and Bayer HealthCare LLC*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| ILANA FARAR, ANDREA LOPEZ, and ROSANNE COSGROVE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BAYER AG, BAYER CORPORATION, and BAYER HEALTHCARE LLC,<br><br>Defendants. | Case No. 3:14-CV-04601-WHO<br><br>**NOTICE OF MOTION AND DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON NEW YORK STATUTORY DAMAGES, OR, IN THE ALTERNATIVE, TO STRIKE MATERIAL FROM PLAINTIFFS' EXPERT REPORT, OR TO DECERTIFY THE CLASS AS TO PLAINTIFFS' REQUEST FOR STATUTORY DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: October 26, 2018<br>Time: 9:00 AM |

# TABLE OF CONTENTS

**NOTICE OF MOTION** ........................................................................................................... 1

**MEMORANDUM OF POINTS AND AUTHORITIES** ...................................................... 1

    **INTRODUCTION** ...................................................................................................... 1

    **STATEMENT OF FACTS** ........................................................................................ 3

    **LEGAL STANDARD** ................................................................................................ 4

    **ARGUMENT** ............................................................................................................. 5

        I.     Summary Judgment Is Warranted Against Plaintiffs' Statutory Damages Claim. .................................................................................... 5

            A.     The plain language authorize statutory damages on a per-plaintiff basis. ................................................................. 6

            B.     Legislative history confirms this plain-language reading. ......... 7

            C.     Case law supports the unavailability of per-unit statutory damages. .................................................................................. 8

        II.    The Statutory Damages Class Should Be Decertified. ......................... 10

    **CONCLUSION** ....................................................................................................... 14

i

# TABLE OF ATHORITIES

**Cases**   **Page(s)**

*Allstate Ins. Co. v. Madan*,
   889 F. Supp. 374 (C.D. Cal. 1995) ................................................................................. 5

*Aspinall v. Philip Morris Companies, Inc.*,
   2013 WL 7863290 (Mass. Super. 2013) ................................................................. 9, 10

*Banga v. First USA, NA*,
   29 F. Supp. 3d 1270 (N.D. Cal. 2014) ............................................................................. 4

*Bateman v. Am. Multi-Cinema, Inc.*,
   623 F.3d 708 (9th Cir. 2010) .................................................................................. *passim*

*Belfiore v. Procter & Gamble Co.*,
   311 F.R.D. 29 (E.D.N.Y. 2015) ............................................................................. 9, 10

*Bonior v. Citibank, N.A.*,
   14 Misc. 3d 771 (N.Y. Civ. Ct. 2006) ............................................................................. 9

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) .......................................................................................................... 4

*Children's Hosp. & Health Ctr. v. Belshe*,
   188 F.3d 1090 (9th Cir. 1999) ......................................................................................... 6

*Cleveland v. Policy Mgmt. Sys. Corp.*,
   526 U.S. 795 (1999) .......................................................................................................... 5

*Devereaux v. Abbey*,
   263 F.3d 1070 (9th Cir. 2001) ......................................................................................... 4

*Ehren v. Moon, Inc.*
   2010 WL 5014712 (S.D. Fla. 2010) ....................................................................... 10, 12

*Forman v. Data Transfer, Inc.*,
   164 F.R.D. 400 (E.D. Pa. 1995) .................................................................................. 10

*Gen. Tel. Co. of S.W. v. Falcon*,
   457 U.S. 147my

*Guido v. L'Oreal, USA, Inc.*,
   2014 WL 6603730 (C.D. Cal. 2014) .......................................................................... 13

*Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*,
   530 U.S. 1 (2000) .............................................................................................................. 6

# TABLE OF ATHORITIES

*Hillis v. Equifax Consumer Servs., Inc.*,
  237 F.R.D. 491 (N.D. Ga. 2006) .................................................................................... 10, 12

*In re Myford Touch Consumer Litig.*,
  2016 WL 7734558 (N.D. Cal. 2016) ..................................................................................... 13

*Kamm v. Cal. City Dev. Co.*,
  590 F.2d 205 (9th Cir. 1975) ................................................................................................. 10

*Kline v. Coldwell, Banker & Co.*,
  508 F.2d 226 (9th Cir. 1974) ............................................................................................. 3, 11

*Kurtz v. Kimberly-Clark Corp.*,
  321 F.R.D. 482 (E.D.N.Y. 2017) ...................................................................................... 9, 10

*Lamie v. U.S.*,
  *Tr.*, 540 U.S. 526 (2004) ......................................................................................................... 6

*London v. Wal-mart Stores, Inc.*,
  340 F.3d 1246 (11th Cir. 2003) ....................................................................................... 10, 12

*Loughrin v. United States*,
  134 S. Ct. 2384 (2014) ............................................................................................................ 7

*Marks v. United States*,
  430 U.S. 188 (1977) .............................................................................................................. 13

*Marlo v. United Parcel Serv., Inc.*,
  639 F.3d 942 (9th Cir. 2011) ................................................................................................... 5

*Officers for Justice v. Civil Serv. Com'n of City & Cty. of San Francisco*,
  688 F.2d 615 (9th Cir. 1982) ................................................................................................... 5

*People by Vacco v. Lipsitz*,
  663 N.Y.S.2d 468 (N.Y. Sup. Ct. 1997) .................................................................................. 7

*Ratner v. Chemical Bank New Trust Co*,
  54 F.R.D. 412 (S.D.N.Y. 1972) ............................................................................................. 11

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
  559 U.S. 393 (2010) .............................................................................................................. 13

*Sharpe v. Puritan's Pride, Inc.*,
  2017 WL 475662 (N.D. Cal. 2017) ............................................................................... 2, 9, 10

*St. Louis, I.M. & S. Ry. Co. v. Williams*,
  251 U.S. 63 (1919) ................................................................................................................ 11

# TABLE OF ATHORITIES

*State Farm Mut. Auto Ins. Co. v. Campbell*,
   538 U.S. 408 (2003) .................................................................................................................. 11

*United States v. Crisp*,
   190 F.R.D. 546 (E.D. Cal. 1999) ................................................................................................ 2

*United States v. Sterling Centrecorp Inc.*,
   208 F. Supp. 3d 1126 (E.D. Cal. 2016) ...................................................................................... 5

*United States v. Williams*,
   659 F.3d 1223 (9th Cir. 2011) .................................................................................................... 6

*Wang v. Chinese Daily News, Inc.*,
   737 F.3d 538 (9th Cir. 2013) ............................................................................................... 5, 11

**Statutes**

Mass. Gen. Laws ch. 93A, § 9(3) ..................................................................................................... 9

New York General Business Law Section 349 ........................................................................ *passim*

New York General Business Law Section 350 ........................................................................ *passim*

**Rules**

Fed. R. Civ. P. 23 ..................................................................................................................... *passim*

Fed. R. Civ. P. 56 ........................................................................................................................ 4, 5

Fed. R. Evid. 401 ........................................................................................................................... 2

Fed. R. Evid. 403 ........................................................................................................................... 2

N.Y.C.P.L.R. § 901 ................................................................................................................. 12, 13

## NOTICE OF MOTION AND MOTION

### TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT at 9:00 a.m. on October 26, 2018, or as soon thereafter as this matter may be heard by the above-titled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendants Bayer AG, Bayer Corporation, and Bayer HealthCare LLC (collectively, "Bayer") will, and hereby do, move the Court for an order granting partial summary judgment, or, in the alternative, striking material from Plaintiffs' expert report, or decertifying the New York class on Plaintiffs' claims for statutory damages. The motion is based on this notice of motion, the memorandum of points and authorities attached hereto, and the argument of counsel at the hearing of this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiffs have submitted an expert report that would potentially allow the New York class to recover as much as ▓▓▓▓▓▓ in statutory damages, almost *fifty* times more than their asserted actual damages.[1] Plaintiffs reach that remarkable number by fundamentally misreading New York's consumer protection statutes. In Plaintiffs' view, each New York class member can seek five hundred dollars in statutory damages for each One A Day product purchased, the average cost of which is only around ten dollars. But that is not what the statutes, or Rule 23, permit.

Rather, New York's consumer protection statutes—Sections 349(h) and 350-e of the New York General Business Law—expressly state that damages are calculated on a *per-person* basis, not a *per-unit* basis. Plaintiffs admitted as much in their complaint, describing New York's statutory damages provisions as authorizing "a private right of action to recover the greater *of each*

---

[1] Defendants filed a motion seeking leave to move for partial summary judgment. ECF No. 221. Defendants also sought a short extension of time to file this motion because Mr. Bergmark has indicated that he intends to issue a supplemental expert report based on sales data Defendants recently obtained from a third party. *Id.* at 2. Because Defendants' motion for leave and an extension of time remains pending, Defendants are filing this motion within the existing deadline out of an abundance of caution. Mr. Bergmark's supplemental expert report may provide different damages numbers based on the newly obtained data. Defendants will update the Court with any such information but do not expect the changes to substantively impact the substance of this motion.

*class member's* actual damages or [$50/$500]." Second Am. Compl., ECF No. 58 ¶¶ 139, 151 (emphasis added).  This concession is not surprising, given that the plain language of both provisions authorizes "any *person* who has been injured" to "recover" specified damages—the greater of his or her "actual damages" or "five hundred dollars" under Section 350-e (or "fifty dollars" under Section 349(h)).  The statutes do not allow a plaintiff to increase the statutory minimum of fifty or five hundred dollars based on the number of purchases that he or she made.  The only decision addressing the issue in this district read this language to allow statutory damages on a "per person" basis.  *Sharpe v. Puritan's Pride, Inc.*, No. 16-cv-6717-JD, 2017 WL 475662, at *2 (N.D. Cal. 2017).

      Yet, to inflate their potential recovery, Plaintiffs have now reversed course and offer evidence of statutory damages only on a per-unit basis.  Plaintiffs have no evidence of the number of class members who might be entitled, if they can prove their claims, to statutory damages on a per-person basis.  This failure of proof warrants partial summary judgment.  Under the Court's Trial Plan, Plaintiffs bear the burden to prove "the aggregate damage award/restitution base" in Phase II, which will set the outer limit of the damages that may be awarded to individual class members after their individual proofs in Phase III proceedings.  Civil Minutes, ECF No. 198 at 2.  By failing to prove the "aggregate damage award/restitution base" with per-unit evidence, Plaintiffs have failed to carry that burden.[2]

      Alternatively, the Court should decertify the New York class with respect to Plaintiffs' claims for statutory damages to avoid the due process concerns presented by Plaintiffs' astronomical damages request.  As noted, Plaintiffs seek billions of dollars in compensation for a class of New York consumers who purchased a ten-dollar product.  Ninth Circuit precedent establishes that this gross disparity defeats superiority and that a class cannot seek class-wide

---

[2] If the Court determines that partial summary judgment is an inappropriate vehicle to address this issue, Defendants alternatively request that the Court strike the statutory damages calculation from Plaintiffs' expert report because it is based on a misinterpretation of New York's consumer protection statutes and therefore irrelevant to the issues in dispute.  *See* Fed. R. Evid. 401, 403; *United States v. Crisp*, 190 F.R.D. 546, 551 (E.D. Cal. 1999) (motion to strike is an appropriate vehicle "to consider whether proffered material may properly be relied upon" (internal quotation marks omitted)).

statutory damages when the award of such damages would be contrary to legislative intent. *See Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 722–23 (9th Cir. 2010); *Kline v. Coldwell, Banker & Co.*, 508 F.2d 226, 234–35 (9th Cir. 1974). That is exactly the case here. The statutory language and legislative history of New York's consumer protection statutes demonstrate that the New York legislature did not intend to authorize plaintiffs to seek such astronomical damages bearing no relation to the class's alleged harm.

## STATEMENT OF FACTS

On November 15, 2017, this Court issued an order, granting in part and denying in part Plaintiffs' motion for class certification. *See* ECF No. 164. The Court certified three statewide classes, one of which was for New York residents. Plaintiffs allege that Bayer violated two New York consumer protection laws, New York General Business Law Section 349 and New York General Business Law Section 350.

Section 350-e, which allows recovery for a violation of New York's false advertising statute, provides in relevant part:

> *Any person who has been injured* by reason of any violation of [the false advertising statute] *may bring* an action in his or her own name to enjoin such unlawful act or practice, *an action to recover his or her actual damages or five hundred dollars, whichever is greater*, or both such actions.

N.Y. Gen. Bus. Law § 350-e(3) (emphases added). Section 349(h), which governs recovery by private plaintiffs under New York's statute barring unfair or deceptive practices, is substantially identical, except it limits statutory damages to fifty dollars. *Id.* § 349(h).

On April 17, 2018, this Court adopted a three-phased Trial Plan. ECF No. 198. In Phase II, Plaintiffs bear the burden to prove "the aggregate damage award/restitution base," which will set the outer limit of the damages that may be awarded to individual class members. *Id.* at 2. In Phase III, certain claimants will be "exclude[d]" and "not entitled to damages," and "Bayer will be allowed to challenge any particular claimant's entitlement to benefits." *Id* at 2. Accordingly, even if Plaintiffs do carry their burden at Phase II, only absent class members who identify themselves and prove that they are entitled to relief will be able to obtain damages in Phase III.

On July 16, 2018, Plaintiffs disclosed the report of their damages expert, Brian Bergmark.

-3-

1  Mr. Bergmark provides Plaintiffs' only evidence of the potential total damages allegedly incurred
2  by the three classes in this action (California, Florida, New York).  In his report, Mr. Bergmark
3  purports to calculate both actual damages for all three classes and statutory damages for the New
4  York class.  *See* Ex. A, Expert Report of B. Bergmark ("Bergmark Rep.") at 4.

5  Mr. Bergmark calculates "actual damages" by identifying the total amount spent by each
6  class on the One A Day products at issue during the class periods and the total amount received by
7  Defendants from those purchases.  *Id.*  For the New York class, he estimates the former as
8  ▓▓▓▓▓▓ and the latter as ▓▓▓▓▓▓.  *Id.* at 4, 6.

9  Mr. Bergmark calculates statutory damages by multiplying the number of units purchased
10 in New York during the class period—that is, the number of One A Day products purchased—by
11 either fifty or five hundred dollars.  *Id.* at 7.  This arithmetic would yield statutory damages of
12 ▓▓▓▓▓▓ under Section 349(h) and ▓▓▓▓▓▓ under Section 350-e.  *Id.*  The ▓▓▓
13 ▓▓▓ number is almost fifty times more than Mr. Bergmark's calculation of the class's alleged
14 "actual damages."

15 Mr. Bergmark makes no attempt to calculate the number of New York class members who
16 purchased One A Day products during the class period and might be entitled to a per-person
17 minimum damages award if they proved their claims.  Nor have Plaintiffs offered any other
18 evidence of that number.

### LEGAL STANDARD

20 ***Partial Summary Judgment.***  Summary judgment is appropriate if there is "no genuine
21 dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.
22 Civ. P. 56(a).  "When the nonmoving party has the burden of proof at trial, the moving party need
23 only point out 'that there is an absence of evidence to support the nonmoving party's case.'"
24 *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex Corp. v. Catrett*, 477
25 U.S. 317, 325 (1986)).  If the plaintiff then "fails to make a showing sufficient to establish the
26 existence of an element essential to its case, and on which it will bear the burden of proof at trial,"
27 the court should grant summary judgment.  *Banga v. First USA, NA*, 29 F. Supp. 3d 1270, 1275

(N.D. Cal. 2014) (citing *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805–06 (1999)).

Rule 56 also allows a court to grant summary judgment on a "part" of a claim, such as a request for a type of damages. Fed. R. Civ. P. 56(a); *see also Allstate Ins. Co. v. Madan*, 889 F. Supp. 374, 378–79 (C.D. Cal. 1995). The same summary-judgment standard applies to motions for partial summary judgment. *United States v. Sterling Centrecorp Inc.*, 208 F. Supp. 3d 1126, 1132 (E.D. Cal. 2016).

***Decertification.*** An order certifying a class is "inherently tentative." *Officers for Justice v. Civil Serv. Com'n of City & Cty. of San Francisco*, 688 F.2d 615, 633 (9th Cir. 1982). "Rule 23 provides district courts with broad authority at various stages in the litigation to revisit class certification determinations and to redefine or decertify classes as appropriate." *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 546 (9th Cir. 2013); *see also* Fed. R. Civ. P. 23(c)(1)(C). In deciding whether to decertify a class or a portion of a class, a court may consider "subsequent developments in the litigation." *Gen. Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 160 (1982). But the ultimate standard is the same for class decertification as it is for class certification: the court must ensure that the plaintiff has satisfied all of Rule 23's requirements. *Marlo v. United Parcel Serv., Inc.*, 639 F.3d 942, 947 (9th Cir. 2011). Plaintiffs retain the burden at all stages of the case to demonstrate that class-wide treatment is appropriate under Rule 23. *Id.*

## ARGUMENT

### I. Summary Judgment Is Warranted Against Plaintiffs' Statutory Damages Claim.

Defendants' motion for summary judgment presents a pure issue of law. It is undisputed that Plaintiffs' sole Phase II expert calculates New York statutory damages on a per-unit, rather than a per-plaintiff, basis. As demonstrated below, that damages theory is not cognizable under New York's consumer protection statutes and would result in an unjustified windfall. Because Plaintiffs have failed to calculate the number of New York class members, let alone put forth evidence establishing the aggregate amount of statutory damages potentially available to those class members, as they were required to do by the Court's Trial Plan, *see* ECF No. 198, this Court

should grant partial summary judgment against their claim for statutory damages.

### A. The plain language authorizes statutory damages on a per-plaintiff basis.

When a statute is unambiguous, the starting and ending point for any statutory interpretation is the statutory text. *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004). This means that "when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Id.* (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000)). In conducting this plain-language analysis, courts "examine not only the specific provision at issue, but also the structure of the statute as a whole, including its object and policy." *United States v. Williams,* 659 F.3d 1223, 1225 (9th Cir. 2011) (quoting *Children's Hosp. & Health Ctr. v. Belshe*, 188 F.3d 1090, 1096 (9th Cir. 1999)).

Here, the meaning of the relevant statutory provisions is clear from the specific statutory language and the context provided by other related provisions. Statutory minimum damages for the New York class must be calculated on a per-"person," rather than a per-unit, basis. Indeed, as noted, Plaintiffs described New York's consumer protection statutes in their complaint as allowing each plaintiff to recover total statutory minimum damages of no more than fifty dollars under Section 349(h) and no more than five hundred dollars under Section 350-e. Second Am. Compl. ¶¶ 139, 151.

This is not surprising, as Sections 349(h) and 350-e, by their own terms, authorize "any person" to initiate "an action to recover" specified damages. If successful in that action, the "person" may recover either his or her "actual damages," or if those total "actual damages" are less than the relevant statutory minimum, an award of fifty dollars under Section 349(h) or five hundred dollars under Section 350-e. Actual damages may be based on multiple transactions, allowing the plaintiff to recover more than the specified minimum amount if his or her economic injuries collectively exceed that amount. But nothing in the statute indicates that these specified statutory minimum amounts can be multiplied by the number of units purchased.

Other related statutory provisions confirm that the Court should not transform the per-person language in sections 349(h) and 350-e into per-unit language. *See Williams*, 659 F.3d at

-6-

1225 ("[W]e examine not only the specific provision at issue, but also the structure of the statute as a whole, including its object and policy") (alteration in original).  For example, unlike private plaintiffs, the New York Attorney General may seek a civil penalty up to five-thousand dollars "for each violation" under Section 350-d.  Courts have interpreted this "each violation" language to allow the Attorney General to recover civil penalties on a per-unit basis.  *See, e.g.*, *People by Vacco v. Lipsitz*, 663 N.Y.S.2d 468, 477 (N.Y. Sup. Ct. 1997).  The Legislature did *not* include the same language in allowing for statutory minimum damages for private parties in Sections 349(h) or 350-e.

It is canonical that where, as here, a legislature "includes particular language in one section of a statute but omits it in another—let alone in the very next provision—[courts presume] that [the legislature] intended a difference in meaning."  *Loughrin v. United States*, 134 S. Ct. 2384, 2390 (2014) (internal quotation marks omitted).  The New York legislature expressly authorized the New York Attorney General to recover civil penalties "for each violation," but did not authorize private plaintiffs to recover statutory damages on that basis.  The Court should decline Plaintiffs' invitation to read language into statutory provisions where it does not exist.

**B.  Legislative history confirms this plain-language reading.**

The legislative history of Sections 349(h) and 350-e confirms that each Plaintiff is limited to recovering the specified statutory amounts (fifty or five hundred dollars) if he or she cannot prove actual damages that exceed those amounts.

Prior to 1980, only the New York Attorney General was authorized to enforce New York's consumer protection statutes.  When amendments providing a private right of action were proposed, legislators expressed concern that business owners would face a deluge of frivolous lawsuits from plaintiffs seeking to recover statutory damages far exceeding their actual damages.  Ex. B, 1980 N.Y. State Assembly Debate at 6495 ("I am concerned about frivolous suits."); *id.* at 4418–20, 4424 (similar).

Proponents of the amendments addressed this concern with assurances that the available statutory damages would only be fifty dollars (the original specified amount), unless the individual's actual damages were greater.  *Id.* at 4418–20, 6495.  As one sponsor of the bill

-7-

emphatically explained:

> In what respect will I encourage lawsuits? I cannot encourage lawsuits that are not justifiable, because *the individual who will commence an action can, at most, recover $50*, if he is successful. . . . I cannot see anybody starting a frivolous action to collect $50 when they have not been injured in the least.

*Id.* at 4420 (emphasis added); *see also id.* at 6495 ("If he is injured by false advertising he should have a right, private right of action, and in the event he is successful *he either collects the amount of $50 or actual damages*, whichever is greater") (emphasis added)).

The New York legislature's intent to limit statutory damages to a per-person basis is further evidenced by a 2007 amendment, which raised the statutory amount under Section 350-e from fifty to five hundred dollars. The bill's sponsor justified the increase because the fifty-dollar amount had become "too low to be effective" in the twenty-seven years since the creation of the private right of action. *See* Ex. C, Bill Jacket for 2007 Amendment to Section 350-e at 5. But he also made clear that the new amount, five hundred dollars, was the total statutory amount available to an injured plaintiff:

> Currently, *any person injured by false advertising may bring* an action in his own name to enjoin such unlawful act or practice, *an action to recover actual damages or fifty dollars*, whichever is greater, or both. *This bill increases the maximum to five hundred dollars* . . . .

*Id.* (emphases added).

Nowhere in any of this legislative history is it suggested that statutory damages could be awarded on a per-unit basis. Given the unambiguous statutory text and supportive legislative history, New York law is clear that penalties are only available on a per-plaintiff basis.

**C. Case law supports the unavailability of per-unit statutory damages.**

Decisions addressing New York's consumer protection statutes, as well as those addressing similar statutory provisions from other states, confirm that Sections 349(h) and 350-e should not be manipulated to permit per-unit statutory damages.

The only court in this district to address the issue has held that New York statutory

1  damages should be calculated on a "per person" basis. *Sharpe v. Puritan's Pride, Inc.*, No. 16-cv-
2  6717-JD, 2017 WL 475662, at *2 (N.D. Cal. 2017); *cf. Bonior v. Citibank, N.A.*, 14 Misc. 3d 771,
3  789 (N.Y. Civ. Ct. 2006) ("The award of $50 is for the *entire panoply of deceptive practices*
4  engaged in by MCU.") (emphasis added). Based on that holding, the Court determined that a
5  putative class action met the jurisdictional minimum for removal to federal court. *Sharpe*, 2017
6  WL 475662, at *2. The court's ruling confirms that Section 349(h), and the near-identical Section
7  350-e, should be interpreted to allow statutory damages to be awarded only on a per-plaintiff basis.

8      *Sharpe* is consistent with the rulings of courts interpreting similarly worded statutory
9  damages provisions in other consumer protection statutes. In *Aspinall v. Philip Morris*
10 *Companies, Inc.*, 2013 WL 7863290, at *8 (Mass. Super. 2013), for example, the court rejected the
11 argument that statutory damages under the Massachusetts consumer protection statute should be
12 calculated on a per-unit basis. Like sections 349(h) and 350-e, the Massachusetts statute limits a
13 private plaintiff's "recovery" to "actual damages or twenty-five dollars, whichever is greater."
14 Mass. Gen. Laws ch. 93A, § 9(3). Also like the New York statutes, another provision of the
15 Massachusetts statute allows the state attorney general to seek a civil penalty of five thousand
16 dollars "for each . . . violation." *Id.* § (4). Contrasting the two provisions, the *Aspinall* court held
17 that the Massachusetts Legislature "knew how to craft a statute" that would award statutory
18 damages on a per-unit basis, and declined to allow for such recovery in actions brought by private
19 plaintiffs. 2013 WL 7863290, at *8. The same analysis applies here.

20     This case law establishes that courts should not read language authorizing per-unit statutory
21 damages into statutory provisions where that language does not exist. One judge has reached a
22 contrary conclusion. *See Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482, 526 (E.D.N.Y. 2017)
23 (Weinstein, J.); *Belfiore v. Procter & Gamble Co.*, 311 F.R.D. 29, 53 (E.D.N.Y. 2015) (Weinstein,
24 J.). But those decisions, which are neither binding nor persuasive, engage in no analysis of the
25 statutory text, legislative history, or case law. Instead, the court literally rewrites the statute by
26 inserting "per transaction" in brackets into Section 349(h) without any explanation:

27         A violation of New York General Business Law § 349 permits an action to "enjoin
           such unlawful act or practice, an action to recover actual damages or fifty dollars [per
28

-9-
**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT OR DECERTIFICATION**
CASE NO. 3:14-CV-04601-WHO

transaction], whichever is greater, or both such actions."
*Kurtz*, 321 F.R.D. at 526 (quoting N.Y. Gen. Bus. Law § 349(h)) (brackets in original) (emphasis omitted); *see also Belfiore* 311 F.R.D. at 53 (same).  That the court was only able to read the statute as allowing for a per-unit statutory award by inserting language *that does not appear in the statute* only confirms that Sections 349(h) and 350-e, *as written*, do not provide for such awards.

The Court should not follow those flawed decisions, which are at odds with the unambiguous statutory text and legislative history.  Instead, the Court should follow *Sharpe* and *Aspinall*.  And because Plaintiffs have failed to provide any evidence of per-plaintiff statutory damages, as required by the Court, summary judgment should be granted on that claim.

## II.    The Statutory Damages Class Should Be Decertified.

In the alternative, to avoid constitutional concerns, this Court should decertify the class with respect to statutory damages, limiting class members to their claims for actual damages.[3] Rule 23, as noted, "provides district courts with broad authority at various stages in the litigation to revisit class certification determinations and to redefine or decertify classes as appropriate." *Wang*, 737 F.3d at 546; *see also* Fed. R. Civ. P. 23(c)(1)(C).  Plaintiffs' introduction of an expert report estimating statutory damages at the extraordinary amount of ▇▇▇▇▇▇ warrants a reexamination of the New York class's claim for statutory damages and a decertification of the statutory-damages class.

Among other things, Rule 23 authorizes certification only where class-wide treatment of a claim would be "superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3); *see also Kamm v. Cal. City Dev. Co.*, 590 F.2d 205, 210 (9th Cir. 1975).  Applying that requirement, courts have explained that statutory minimum damages classes should not be certified when the statutory damages sought are disproportionate to the class's actual harm.  *See, e.g.*, *London v. Wal-mart Stores, Inc.*, 340 F.3d 1246, 1255 n.5 (11th Cir. 2003); *Ehren v. Moon, Inc.*, 2010 WL 5014712, at *2 (S.D. Fla.  2010); *Hillis v. Equifax Consumer Servs., Inc.*, 237 F.R.D. 491, 506 (N.D. Ga. 2006); *Forman v. Data Transfer, Inc.*, 164

---

[3] Defendants preserve their arguments that all of Plaintiffs' claims are not properly certified as class actions.

F.R.D. 400, 404–05 (E.D. Pa. 1995); *Ratner v. Chemical Bank New Trust Co*, 54 F.R.D. 412, 416 (S.D.N.Y. 1972). This is in part because litigating such statutory damages requests on a class-wide basis would raise significant due process concerns. Indeed, the Supreme Court has long held that a statutory penalty violates due process when "the penalty prescribed is so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable." *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66–67 (1919); *cf. State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003) ("[F]ew [punitive damages] awards exceeding a single-digit ratio between punitive and compensatory damages . . . will satisfy due process.").[4]

Accordingly, in *Ratner*, the court refused to certify a class seeking to recover $13 million in statutory damages where class members had suffered actual damages that were, at most, a "fraction" of that amount. 54 F.R.D. at 413–14, 416. As Judge Frankel (a primary architect of Rule 23) recognized, certification in such circumstances was inappropriate because the aggregation of statutory damages would amplify the defendant's exposure to unreasonable amounts bearing no relation to the class's harm. *Id.* at 416.

The Ninth Circuit has endorsed this approach. *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 722–23 (9th Cir. 2010); *Kline v. Coldwell, Banker & Co.*, 508 F.2d 226, 234–35 (9th Cir. 1974). In *Kline*, the Ninth Circuit reversed the district court's grant of class certification due to lack of superiority because the aggregate damages in that case would "shock the conscience." 508 F.2d at 234. In *Bateman*, the court rejected the district court's decision to deny certification of

---

[4] Numerous courts have recognized that the assessment of statutory damages implicates due process concerns. *See, e.g.*, *Waters–Pierce Oil Co. v. State of Texas*, 212 U.S. 86, 111–12 (1909); *United States v. Citrin*, 972 F.2d 1044, 1051 (9th Cir. 1992) (applying *Williams*, but holding that the damages in that case, amounting to only $113,479.11, were not "so unreasonable that they violate due process"); *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1310 (9th Cir. 1990) (holding, in a class action, that the district court could not award statutory damages of $150 to $600 for each violation and "find[ing] that the aggregate award of $1,846,500 was disproportionately punitive and an abuse of the district court's discretion"); *Facebook, Inc. v. Wallace*, No. 09-cv-798-JF (RS), 2009 WL 3617789, at *2 (N.D. Cal. 2009) (noting that "a statutory damages award may violate the due process rights of a defendant 'where the penalty prescribed is so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable[,]'" and declining to award all of the requested statutory damages) (citations omitted). Though it is premature to fully address this issue because it is not yet known how much the New York class would recover in statutory damages, permitting a per-unit statutory award would increase the likelihood that such an award would exceed constitutional limits.

a class for statutory damages based on the particular circumstances of that case. 623 F.3d at 710–11. In doing so, it directed courts to examine legislative intent when analyzing whether claims seek statutory damages should be adjudicated on a class-wide basis:

> [W]e look to [the underlying statute] itself for evidence of congressional intent as to the appropriateness of class certification in such cases. Specifically, we must examine [the underlying statute] to determine whether the denial of class certification is consistent with congressional intent and [the statute's] remedial scheme where a district court concludes that potential liability is disproportionate to any actual harm.

*Id.* at 716.[5]

In this case, the legislature's intent could not be clearer; thus, insofar as legislative intent is relevant, it confirms that the class should be decertified. When New York amended Sections 349(h) and 350-e to authorize private rights of action, it did so on the condition that statutory minimum damages would not be recoverable in a class action under those provisions. Section 901(b) of the New York Civil Practice Law and Rules prohibits the recovery of statutory damages in a class action unless the statute creating the cause of action contains an explicit exception authorizing the recovery of statutory damages by the class. N.Y. C.P.L.R. § 901(b). Against that backdrop, state representatives initially proposed versions of Section 349(h) and 350-e that permitted the recovery of statutory damages in class actions. *See* Ex. D, New York Legislative History, 203d Session of the Legislature at 7–8, 19–20. But the legislature rejected these versions and subsequently passed versions of both bills that omit the relevant language allowing for class actions. *See id.* at 3.

Indeed, contemporaneous letters from representatives of both houses of the legislature sent to the governor with the final version of Section 349(h) affirm that the language authorizing class actions was removed as part of a compromise between competing interests. Ex. E, Section 349 Bill Jacket at 10 (Letter from Senator Bruno); *id.* at 13–14 (Letter from Assemblyman Serrano).

---

[5] Defendants believe that a gross disparity between harm and damages alone is sufficient to defeat superiority. *See London v. Wal-mart Stores, Inc.*, 340 F.3d 1246, 1255 n.5 (11th Cir. 2003); *Ehren v. Moon, Inc.*, 2010 WL 5014712, at *2 (S.D. Fla. 2010); *Hillis v. Equifax Consumer Servs., Inc.*, 237 F.R.D. 491, 506 (N.D. Ga. 2006). Defendants recognize that *Bateman* instructs the Court to look to legislative intent, which, as discussed above, supports Defendants' position, but preserves its argument that the Court need not consider legislative intent. The intent of the state legislature cannot trump constitutional concerns.

As the Chairman of the Senate's Standing Committee on Consumer Protection explained:

> Business interests in [New York] have been adamant in their opposition to offering a 'private right of action' to consumers in the past because of their fear that a class action for statutory damages would be sought under this section. Consumer groups, on the other hand, have steadfastly maintained that statutory damages . . . are an integral part of the 'private right of action' because actual damages to consumers are often de[ ]minimus. By taking class action language out of the bill[,] . . . I feel a fair compromise was set upon.

*Id.* at 10. That compromise should be honored by courts determining whether to certify a class for statutory damages.

The application of *Bateman* to this case is reconcilable with the holding of *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010), that Section 901(b)'s prohibition on class actions seeking statutory damages in state court does not apply in federal court.[6] *But see Guido v. L'Oreal, USA, Inc.*, 2014 WL 6603730, at *18 (C.D. Cal. 2014). First, *Shady Grove* did not address the scope of the superiority requirement, let alone consider whether grossly excessive damages defeats superiority. Second, the outcome of *Shady Grove* was driven by the determination that Section 901(b) is a procedural rule, whereas here the relevant statutory provisions are Sections 349(h) and 350-e, two indisputably substantive provisions. Third, unlike in *Shady Grove*, in which the Court was considering whether Rule 901(b) *categorically* prohibits all Rule 23 class actions seeking statutory damages under New York law, the *Bateman* analysis is based on the *application* of Rule 23's superiority requirement to the specific facts of this case. As directed by *Bateman*, that case-specific analysis turns on the legislative intent behind the

---

[6] The justices in *Shady Grove* were unable to agree on the basis for their ruling, and thus there was no majority opinion. *See* 559 U.S. at 406–16 (Scalia, J., plurality opinion); *id.* at 416–36 (Stevens, J., concurring in part and concurring in the judgment). Justice Stevens authored the narrowest and therefore controlling opinion, in which he explained that Section 901(b) was overcome by Rule 23 because Section 901(b) is not part of New York's substantive statutory framework but is a procedural rule applicable to all causes of action brought in New York. *Id.* at 432; *see Marks v. United States*, 430 U.S. 188, 193 (1977) ("When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds."); *In re Myford Touch Consumer Litig.*, No. 13-cv-3072-EMC, 2016 WL 7734558, at *27 (N.D. Cal. 2016) (recognizing that Justice Stevens's opinion is controlling). Defendants recognize that *Shady Grove*'s ruling is currently binding precedent, but preserve their position that Section 901(b) should apply to class actions in federal court, which would be an independent reason why Plaintiffs should not be allowed to pursue their claim for statutory damages.

underlying substantive statutes authorizing statutory damages.

Applying the *Bateman* framework, this is precisely the type of case in which the New York legislature chose not to make statutory minimum damages available on a class-wide basis. And even if the Court sets aside *Bateman*'s inquiry into legislative intent, the Court should still decertify the class. Plaintiffs seek to recover every dollar they spent on One A Day products during the class period, totaling approximately $███████ for the New York class. But, even with this generous calculation of the class's alleged actual harm, ███████ pales in comparison to the over ███████ that the New York class seeks in statutory damages. The statutory minimum damages provisions of Sections 349(h) and 350-e were intended to ensure that there was a sufficient incentive for private plaintiffs to assert individual claims, not to subject a defendant to massive exposure dwarfing the class's alleged actual harm.

## CONCLUSION

The Court should grant partial summary judgment on Plaintiffs' request for New York statutory minimum damages, or, in the alternative, strike portions of Plaintiffs' expert report purporting to calculate statutory damages on a per-unit basis. If the Court does not grant summary judgment, the Court should also decertify the New York class with respect to Plaintiffs' claims for statutory damages, limiting that class to recovery of their actual damages.

Dated: September 21, 2018                    Respectfully submitted,

By: */s/ Sean Eskovitz*

**WILKINSON WALSH + ESKOVITZ LLP**
Sean Eskovitz (SBN 241877)
11726 San Vicente Blvd., Suite 600
Los Angeles, CA 90049
Telephone: (424) 316-4000
Facsimile: (202) 847-4005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
*bstekloff@wilkinsonwalsh.com*
James M. Rosenthal (*pro hac vice*)
*jrosenthal@wilkinsonwlash.com*
Kieran Gostin (*pro hac vice*)
*kgostin@wilkinsonwalsh.com*
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005

**SIDLEY AUSTIN LLP**
Jonathan F. Cohn (*pro hac vice*)
*jcohn@sidley.com*
Benjamin M. Mundel (*pro hac vice*)
*bmundel@sidley.com*
Jacquelyn E. Fradette (*pro hac vice*)
*jfradette@sidley.com*
Nicole Frazer Reaves (*pro hac vice*)
*nfrazerreaves@sidley.com*
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

**SIDLEY AUSTIN LLP**
Ryan M. Sandrock (SBN 251781)
*rsandrock@sidley.com*
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

*Counsel for Defendants Bayer AG, Bayer Corporation, and Bayer HealthCare LLC*