# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

Jeff Tillotson, SBN 139372
jtillotson@TillotsonLaw.com
Tillotson Law
1807 Ross Avenue, Suite 325
Dallas, TX 75201
Telephone: (214) 382-3040

[Additional Counsel Appears on Signature Page]
*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| ILANA FARRAR, ANDREA LOPEZ, and ROSANNE COSGROVE, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BAYER AG, BAYER CORPORATION, and BAYER HEALTHCARE LLC,<br><br>Defendants. | Case No. 3:14-CV-04601-WHO<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON NEW YORK STATUTORY DAMAGES, OR, IN THE ALTERNATIVE, TO STRIKE MATERIAL FROM PLAINTIFFS' EXPERT REPORT, OR TO DECERTIFY THE CLASS AS TO PLAINTIFFS' REQUEST FOR STATUTORY DAMAGES**<br><br>Judge: Hon. William H. Orrick<br>**Courtroom: 2, 17th Floor**<br>**Date: October 26, 2018**<br>**Time: 9:00 a.m.** |

**TABLE OF CONTENTS**

Table of Authorities………………………………………………………………………………..iii

    I.     Introduction…………………………………………………………………………1

    II.    Supplemental Facts…………………………………………………………………..2

    III.   Legal Standard………………………………………………………………………4

    IV.   Argument……………………………………………………………………………4

        A.  The Issue Raised By Defendants Can and Should Be Deferred………….4

        B.  Defendants' Proffered Interpretation Is Erroneous……………………...6

        C.  Summary Judgment Must Be Denied……………………………………..10

        D.  Defendants' Request for Decertification Must Be Denied……………….10

Conclusion……………………………………………………………………………………13

# TABLE OF AUTHORITIES

**Cases**

*Ackerman v. Coca-Cola Co.*,
  No. 09-CV-395-DLI-RML, 2013 WL 7044866, at *20 n.32 (E.D.N.Y. 2013) .............................. 5

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ................................................................................................................ 4

*Bateman vs American Multi-Cinema, Inc.*, 623 F.3d 708 (9th Cir. 2010)
  623 F.3d at 712 ........................................................................................................... 5, 12, 13

*Belfiore v. Procter & Gamble Co.*,
  311 F.R.D. 29, 59 (E.D.N.Y. 2015) ....................................................................................... 12

*Bristol Vill., Inc. v. Louisiana-Pac. Corp.*,
  916 F. Supp. 2d 357 n.5 (W.D.N.Y. 2013) ............................................................................ 12

*Genesco Entertainment v. Koch*,
  593 F. Supp. 743 (S.D.N.Y 1984) ........................................................................................... 7

*Guido v. L'Oreal, USA, Inc.*,
  No. CV 11-1067, 2013 WL 3353857, at *17 (C.D. Cal. 2013) ............................................. 12

*In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*,
  14 F. Supp. 3d 99, 103 (E.D.N.Y. 2014) ................................................................................ 8

*In re Scotts EZ Seed Litig.*,
  2017 WL 3396433, at *6 ............................................................................................ 10, 11, 12

*Jones v. Tyler*,
  No. 11-CV-06313-WHO, 2015 WL 6438645, at *1 (N.D. Cal. 2015) ................................... 4

*Kim v. BMW of Manhattan, Inc.*,
  819 N.Y.S.2d 848 (Table) (N.Y. Sup. Ct. 2005) .................................................................... 5

*Kurtz v. Kimberly-Clark Corp.*,
  321 F.R.D. 482, 526 (E.D.N.Y. 2017) .................................................................................... 9

*Netzer v. Continuity Graphic Assocs., Inc.*,
  963 F. Supp. 1308, 1323 (S.D.N.Y. 1997) ............................................................................. 9

*Parker v. Time Warner Entm't Co., L.P.*,
  331 F.3d 13 (2d Cir. 2003) ..................................................................................................... 11

*People by Vacco v. Lipsitz*,
  663 N.Y.S.2d 468 (Sup. Ct. 1997) .......................................................................................... 9

*Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*,
  559 U.S. 393 (2010) ..................................................................................................... 3, 11, 12

*Sharpe v. Puritan's Pride, Inc.*,
  No. 3:16-CV-06717-JD, 2017 WL 475662 (N.D. Cal. Feb. 6, 2017) ................................ 2, 8

**Statutes**

New York Gen. Bus. Code § 901 ..................................................................................................11, 12, 13
NEW YORK GEN. BUS. LAW § 349(h) ................................................................................................ passim

**Rules**

Fed. R. Civ. Proc. 23 ...............................................................................................................................12, 13

Plaintiffs Ilana Farar, Andrea Lopez, and Rosanne Cosgrove ("Plaintiffs") respectfully submit the following Response in Opposition to Defendants' Motion for Partial Summary Judgment on New York Statutory Damages, Or, In the Alternative, To Strike Material From Plaintiffs' Expert Report, Or To Decertify the Class As to Plaintiffs' Request for Statutory Damages ("Motion"). For the reasons stated below, the Court should deny Defendants' Motion.

## I. Introduction

The Court should deny Defendants' Motion for several reasons:

1) **Premature and Unnecessary.** The Court need not decide the primary issue raised in Defendants' Motion and should not do so until Phase III (Claims Administration) of the trial. Under the existing trial plan, the jury will determine the aggregate actual damages and the Court will determine any restitution awarded. [ECF No. 198] (trial plan). Neither the jury or nor the Court determines statutory damages as the amount has been fixed by statute.

Accordingly, statutory damages only become relevant in the Claims Administration phase of the trial. There, participating claim members can elect whether they want the awarded actual damages *or* the applicable statutory damages. No "global number" of statutory damages is awarded or assessed. Instead, Defendants are liable to each participating class member who elects to receive statutory damages.

Thus, this Court should defer the issue of the *methodology* of statutory damages until the Claims Administration phase. By then, the Court will know the actual damages assessed, whether it has enhanced any damages awarded to the New York class members (as allowed under § 349(h)) and what restitution has been ordered. This will allow the Court to better assess Defendants' premature claim that the *global potential* amount of statutory damages is somehow unconstitutional or improper.

2) **New York Statutory Damages Can Be Assessed on a "Per Injury" Basis.** Even if the Court were to consider the issue, there is little support for Defendants' sweeping reading that §§ 349(h) and 350-e act as damages "caps" on consumers. The thrust of Defendants' argument is that the provisions themselves limit recovery on a *per person* basis regardless of how often the person was injured. Yet the "per person" language is nowhere to be found in the provisions. Instead, they

both address *injury* ("any person who has been injured[.]"). Assessing statutory damages on the basis of *each injury* is equally consistent with the language of the provisions as well as their purpose (to ensure meaningful recovery and discourage deceptive behavior).

The cases relied on by Defendants do not reach the conclusion proffered. No case specifically addresses the issue presented (per person versus per injury). The primary case relied on by Defendants (*Sharpe v. Puritan's Pride, Inc.*, No. 3:16-CV-06717-JD, 2017 WL 475662 (N.D. Cal. Feb. 6, 2017)) does not address the issue and, in the context of a remand under CAFA, makes a rudimentary damages calculation to show the case meets the CAFA jurisdictional amount-in-controversy.

Finally, Defendants' arguments do not support summary judgment *on the claim of statutory damages.* The Court may agree that such damages are assessed *per consumer,* but Plaintiffs need not offer a "global number" or calculation at this time. The participating New York class members will, during the claims administration, elect whether they want statutory damages. Plaintiffs will not ask the trier of fact to award a "global statutory damages number" and thus no global number need be determined at this stage of the case.

(3) **Due Process Concerns and Decertification.** Defendants sudden expression of constitutional concern over statutory damages changes nothing. *First*, the amount of *total* statutory damages is not known because Class Counsel does not know which class members will be allowed to participate in the claims administration and what relief they will elect. Thus, any constitutional challenge is, at best, premature and, more likely nonexistent. *Second,* the mere awarding of statutory damages on a *per injury* basis is not, in and of itself, unconstitutional. There is nothing inherently unconstitutional about awarding statutory damages each time a Defendant commits a deceptive act; just as actual damages can be awarded for each such act. *Third,* under no circumstances do any of Defendants' arguments support decertification. The Ninth Circuit in *Bateman v. American Multi-Cinema, Inc.,* 623 F.3d 708 (9th Cir. 2008) specifically rejected damages proportionality as a basis for denying class certification. Further, if the Court has any such due process or proportionality concerns at this stage of the case, it can simply determine that statutory damages are assessed *per*

*class member* and shall be addressed during the claims administration phase. Defendants have no credible constitutional or due process challenges to such a ruling.

**Finally,** the contention that § 901(b) of the New York General Business Code precludes the application of statutory damages in the class action context has been foreclosed by *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010), and subsequent New York cases. As Justice Scalia noted, § 901(b) does not simply bar statutory damages as part of an ongoing class action, it provides that the suit "may *not* be maintained as a class action." *Id.,* 559 U.S. at 399 (emphasis in original). The conflict between § 901(b) and Fed. R. Civ. Proc. (which obviously does allow this case to proceed as a class action) is resolved in favor of Rule 23. *Id.,* 559 U.S. at 445 ("[T]he Court today agrees – that Rule 23 unavoidably preempts New York's prohibition on the recovery of statutory damages in class actions.") (Ginsburg, J. dissenting).

**II.  Supplemental Facts.**

The expert report addressed by Defendants' Motion has been replaced but, in the interest of candor to the Court, the underlying issues remain. On September 25, 2018, Plaintiffs provided a supplemental expert report from Brian Bergmark, their damages expert. The new report, which was provided by agreement and at Defendants' requests, was occasioned by the fact that certain sales information supplied by Defendants from a third party was, by their own admission, erroneous. Thus, new data was supplied and Mr. Bergmark provided updated calculations.

In his new report, ▬▬▬ Mr. Bergmark states that he "express[es] no opinion on whether statutory damages should be calculated on a per unit basis (*i.e.* for each occurrence of fraud or injury) *or* on a per consumer basis (*i.e.* no matter how often a consumer was defrauded, he or she is limited to $500 statutory damages.)." He then states that he has been asked by counsel to calculate statutory damages "on a per unit basis" and employs the same methodology as before (*e.g.,* number of units purchased during class period X $50 and $500). He calculates lower amounts than his prior report because the total number of units purchased went down from approximately ▬▬▬ his original report to ▬▬▬ his new report.

Upon further review and consideration of the Court's trial plan, Class Counsel does not intend to offer a "global" statutory damages number as part of either Phase I (Liability) or Phase II (Damages) of the trial. It is Class Counsel's belief that the assessment of statutory damages will take place during Phase III of the trial (Claims Administration). Class Counsel may, at that time, argue that damages for New York class members should be enhanced under NEW YORK GEN. BUS. LAW § 349(h). Also, unless the Court rules otherwise on the threshold issue ("per person vs. per injury"), Class Counsel may argue that participating New York class members should be allowed to obtain statutory damages based on a per injury basis administered by the claim form process. This determination will be made in light of the jury's assessment of actual damages, the Court's ruling on any restitution and the overall evidence adduced at trial.

To be sure, so there is no misunderstanding on Defendants' part, if a liability finding is returned by the jury, Class Counsel will seek to have each participating New York class member have *at the very least* the option of receiving their actual damages or the minimum statutory damages ($50/$500) that even Defendants concede are permissible.

### III.    Legal Standard

"Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is 'no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law.'" *Jones v. Tyler*, No. 11-CV-06313-WHO, 2015 WL 6438645, at *1 (N.D. Cal. 2015) (Orrick, J.) (quoting FED. R. CIV. P. 56(a)). "Material facts are those which may affect the outcome of the case." *Id*. (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party." *Id*.

### IV.    Argument

#### A.    The Issue Raised By Defendants Can and Should Be Deferred.

As argued below, Plaintiffs contend that Defendants are mistaken in their interpretation of the applicable New York statutes. That said, this matter need not be decided at this stage of the litigation. Instead, it can be deferred until Phase III (Class Administration) and *after* the actual damages phase

of this case.

***First***, the jury is not going to assess or determine specific *statutory* damages. That amount is already determined by the statutes themselves ($50 and/or $500).[1] Assuming there is a liability finding in Phase I of the trial, then any New York class member who participates in the relief will be entitled to elect his or her actual damages (as assessed by the jury) or statutory damages. Defendants will be liable for those respective amounts. The amount of statutory damages will depend on the number of New York class members who elect such relief. New York class members cannot intelligently make such an election until actual damages are determined.

***Second***, whether those statutory damages are allowed on a per person or a per injury basis can be deferred until after Phases I (Liability) and II (Damages) of the trial. This allows the Court to consider the various issues raised by Defendants (*e.g.,* whether possible statutory damages are disproportionate to the actual relief awarded, *etc.*) in light of the actual damages findings by the jury and the Court's assessment of any restitution. That evidence may show that Plaintiffs were injured in numerous, separate events (which, in turn supports a "per injury" methodology). In any event, the Court will have the benefit of knowing the specific actual damages awarded for purposes of assessing how to handle the statutory damages in a more efficient manner.

***Third,*** Defendants' proposed plan—which is to start decertifying portions of the class and dismiss statutory damages altogether—is unsupported by the law and makes little practical sense. Even if this Court determines now that statutory damages are capped at $50/$500 *per* class member,

---

[1] The New York statutes at issue do not provide for an amount "up to" (like the Fair and Accurate Credit Transaction Act discussed in *Bateman*). *Bateman,* 623 F.3d at 712. Instead, the New York statutes at issue here simply set the statutory damages at a fixed amount. The jury does not determine a separate amount. Thus, as one court explained, "[Section 349] provides for a minimum amount of statutory damages . . . if plaintiffs are able to prove injury, but their damages are less than the statutory minimum, they will still be entitled to the minimum amount of statutory damages." *Ackerman v. Coca-Cola Co.*, No. 09-CV-395-DLI-RML, 2013 WL 7044866, at *20 n.32 (E.D.N.Y. 2013) (citing *Kim v. BMW of Manhattan, Inc.*, 819 N.Y.S.2d 848 (Table) (N.Y. Sup. Ct. 2005)).

they are still recoverable by each and every participating New York class member. Plaintiffs do not need to offer a global number of statutory damages today because the class members themselves are entitled to elect what ultimate relief they wish to receive. That "global number" will be determined by the number of New York class members seeking such relief when such relief is disbursed. Nothing needs to be adjudicated now. Phase III is the proper time to handle this issue.

*Fourth,* deferring this issue will also allow the Court to assess the last part of NEW YORK GEN. BUS. LAW § 349(h), which permits the Court to "in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to $1,000, if the court finds the defendant willfully or knowingly violated this section." This determination may further alter class members' decision whether to accept the actual damages awarded by the jury, the statutory damages allowed or the Court's enhancement of any such permissible damages. Also, the Court will have assessed any restitution by then, which may similarly bear on this issue.

*Finally,* Plaintiffs are not seeking to defer a determination of the matters raised by Defendants simply for the sake of delay. Class Counsel does not foresee any circumstances under which the jury *awards* a global "statutory damages" amount. That determination is made not by the jury but by the New York class members in connection with any relief being distributed under Phase III of the case. This Court can fashion relief for the class that requires Defendants to pay the awarded actual damages or the applicable statutory damages.

### B.   Defendants' Proffered Interpretation Is Erroneous.

Even if the Court were to address the threshold issue raised by Defendants, summary judgment must still be denied. Obviously, Plaintiffs seek, on behalf of New York class members, the possibility of statutory damages under §§ 349(h) and 350-e of the New York General Business Law. Those provisions state as follows:

> Section 349(h): "any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an

> action to recover his actual damages or fifty dollars, whichever is greater, or both such actions."
>
> Section 350-e: "any person who has been injured by reason of any violation of § 350 or §350(a) of this article may bring an action in his or her own name to enjoin such unlawful act or practice, an action to recover his or her actual damages or five hundred dollars, whichever is greater, or both such actions."

NEW YORK GEN. BUS. LAW §§ 349(h) and 350-e.

Defendants argue that, regardless of the *number of times* a particular person is injured, his or her statutory damages are capped at either $500 or $50, depend upon the applicable section violated. Yet neither the specific language of the applicable provisions or the cases relied upon by Defendants support their interpretation.

*First*, there is nothing in the language of either provision that suggests they were enacted with the purpose of serving as some sort of "global cap" on a consumer's recovery. Instead, the provisions, which are modelled in part on the FTC Act, are intended to ensure consumers have a meaningful recovery while discouraging deceptive actions. *Genesco Entertainment v. Koch,* 593 F. Supp. 743, 751-752 (S.D.N.Y 1984). Defendants ignore this purpose and instead treat the provisions as virtual "damages caps." But the specified statutory damages were not designed as a "cap;" they were intended to be a *minimum recovery.*

*Second,* while Defendants argue that "Sections 349(h) and 350-e of the New York General Business Law expressly state that damages are calculated on a per-person basis, not a per-unit basis." Defs.' Mot. at 1, the "*per person*" limiting language is nowhere to be found in the actual text of the provisions. What Defendants actually suggest is that because each provision starts with "any person," the relief set out must similarly be so limited. Not so. The language of each provision is not just "any person" but "any person *who has been injured*[.]" (emphasis added). The focus of the provisions, which is on the injury, means that the recovery should be similarly focused on injury. Thus, a fair reading of each provision is that "any person" can seek actual or statutory damages to remedy *each injury*.

*Third,* this is not just a fair reading, but is also the right one. There are many reasons why a "per injury" construction makes sense. A person may have bought a product intermittently or at different periods of time. Each time it occurred constituted an injury for which recovery is possible

**REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED**

under the statute. Applying statutory damages in such a manner is entirely consistent with the purpose of the provisions, which is to ensure a meaningful recovery for class members and discourage Defendants' deceptive conduct.

*Fourth,* Defendants, citing essentially two cases, suggest that this matter has been decided. This is not correct. None of the cases relied on by Defendants support their sweeping conclusions. Defendants rely heavily on *Sharpe*, 2017 WL 475662, and argue that is "[t]he only decision addressing the issue in this district read this language to allow statutory damages on a 'per person' basis." Defs.' Mot. at 2. Yet *Sharpe* did not address, much less consider, whether the Sections were to be applied on a per person or per injury basis.

*Sharpe,* which involved a Motion to Remand under CAFA, considered whether the specific case at issue involved at least $5 million in controversy. The defendant in *Sharpe* put on evidence that there were at least 100,000 putative class members and the Court, applying a mechanical $50-per-consumer-math, determined that the amount in controversy was at least $5 million.

No party argued in *Sharpe* that the Section at issue should be applied "per injury" and the Court's use of a "per person" methodology was a rote calculation simply to assess whether the amount in controversy met the minimum amount necessary for CAFA jurisdiction. The sum of the Court's holding was as follows:

> That statute gives a private right of action under a three-year statute of limitations, *see In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*, 14 F. Supp. 3d 99, 103 (E.D.N.Y. 2014), and provides for the greater of actual damages or $50 in statutory damages per person. N.Y. GEN. BUS. LAW § 349(h).

*Sharpe*, 2017 WL 475662, at *2. The court said nothing further. The court did not emphasize or articulate any reason why it included the phrase "per person" (when such language is absent from § 349(h)) other than to supply an input for its jurisdictional analysis. Indeed, the case upon which *Sharpe* cites within the above quote, *In re HSBC Bank,* makes no reference to such "per person" limitation.

Other courts have applied the same statute using a per-purchase analysis. For example, in *Kurtz* the court specifically considered the impact that a per-unit damages theory would have on defendants under both §§ 349(h) and 350-e. "The statutory damages for many multiple purchasers is potentially enormous: it is $50 or $500 per purchase plus attorneys' fees. Yet, … the *Shady Grove* opinion of the Supreme Court permits such damages." *Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482, 526 (E.D.N.Y. 2017); *see also McDonald v. North Shore Yacht Sales, Inc.*, 513 N.Y.S.2d 590, 593 (N.Y. Sup. Ct. 1987) (stating that under § 350, "[t]he dollar amount of injury involved in such a claim is not relevant").

Defendants also rely on *People by Vacco v. Lipsitz,* 663 N.Y.S.2d 468, 477 (Sup. Ct. 1997), to support the proposition that the presence of "each violation" language in § 350-d means its absence in §§ 349(h) and 350-e supports a "per person" limitation. However, the "each violation" language contained in § 350-d is analogous to the "any violation" language used in both §§ 349(h) and 350-e. Nothing in their language suggests that *numerous violations* under §§ 349(h) and 350-e are somehow treated as a *single violation* for purposes of assessing statutory damages.

The Court need look no further than to other sections of one of the provisions at issue (§349(h)) to find support for Plaintiffs' proffered construction. For example, § 349(g) states: "***all*** deceptive act***s*** or practice***s*** . . . ." (emphasis added). This shows the New York legislature intended the statute to include multiple "acts" by the same defendant even if they only effect one consumer. The use of "acts" and "practices" in the plural weighs in favor of this interpretation. Section 349(a) also supports this distinction because it states: "(a) Deceptive ***acts or practices*** in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." N.Y. GEN. BUS. LAW § 349(a). This makes sense because "Section 349 is a consumer protection act, designed to 'combat . . . ***recurring transactions*** of a consumer type.'" *Netzer v. Continuity Graphic Assocs., Inc.*, 963 F. Supp. 1308, 1323 (S.D.N.Y. 1997). Harmonizing the sections at issue is critical to constructing the proper reading of the statute.

### C. Summary Judgment Must Be Denied.

Defendants try to use an interpretation issue (per injury versus per consumer) to obtain dismissal of *all* statutory damages claims. This is improper and unjustified. *First*, even if the Court agrees with Defendants' proffered construction, Plaintiffs still have valid claims for statutory damages. The Court will have done nothing more than fixed the amount of the statutory damages.

*Second,* at this stage, Plaintiffs do not need to offer a "global number" for all statutory damages or otherwise identify the absolute maximum amount of New York class members. Since no trier of fact will make that particular assessment, it is not an issue on which Plaintiffs bear some burden of proof. Statutory damages are pre-determined; the only finding required is liability. *Whether* a particular class member ultimately receives statutory damages in Phase III of the case is not an issue assessed or decided by Defendants' summary judgment motion. Thus, Defendants' attempt to excise statutory damages from this case must fail.

### D. Defendants' Request for Decertification Must Be Denied.

In what amounts to a procedurally improper ploy, Defendants alternatively request that the Court decertify the class with respect to statutory damages and only allow the New York class to seek their actual damages. Defs.' Mot. at 10. They attempt to justify their request on two grounds: (1) the massive amount of statutory relief sought raises due process issues requiring decertification, and (2) New York Gen. Bus. Code § 901(b) precludes class actions involving statutory damages. Neither argument is persuasive.

*First,* Defendants' due process protestation is both overwrought and premature. Defendants claim that the *theoretical* possibility of statutory damages on a per injury basis (compared to the "small" actual damages) is problematic. No such determination has been made and moreover none will even be made until Phase III of the trial. There is no basis to conclude at this stage that Plaintiff's statutory damages claims are unconstitutional.[2]

---

[2] Plaintiffs note that the court in *In re Scotts* also dealt with the *exact* same argument presented by Defendants that statutory damages of the magnitude asserted in this case would be "dwarfing the class's alleged actual harm." Defs.' Mot. at 14. The court specifically considered this same exact argument in holding:
> Finally, defendants argue statutory damages in this case "would be grossly excessive

***Second,*** in many cases the *actual* damages numbers are not as dramatic as Defendants contend is *theoretically* possible. Currently, the actual damages for the New York class is ▮▮▮▮▮▮ Section 349(h) allows the Court to *triple* that amount under certain circumstances and thus a total award of ▮▮▮▮▮▮ is contemplated by the statute. The "per injury" statutory damages calculation for that same provision are not much higher ▮▮▮▮▮▮

***Third,*** Defendants' contention that § 901(b) of the New York General Business Code precludes the application of statutory damages in the class action context is just wrong. The argument has been foreclosed by *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010), and subsequent New York cases. In *Shady Grove,* the Supreme Court held that the Rules Enabling Act empowered Fed. R. Civ. Proc. 23 to "trump" Section 901(b) of New York state law. A significant point made by Justice Scalia in his opinion that is amplified by Defendants' request for ***decertification*** is that § 901(b) does not merely bar statutory damages in an ongoing class action; it provides that the suit "may *not* be maintained as a class action." *Id.* at 399 (emphasis in original).

Thus, the very conflict the Supreme Court feared—that a state law would impair the application of the Federal Rules in a federal court proceeding—comes in full view under Defendants' argument. Applying § 901(b) does not just eliminate statutory damages; it operates to bar this case as a class action. Even for Justice Scalia, this was a bridge too far: "But that is *exactly* what Rule 23 does: It says that if the prescribed preconditions are satisfied [] class action *may be*

---

and offend due process." The Court is sympathetic to defendants' position; however, this argument is premature at this stage. The Court cannot determine as a matter of law that the "the aggregation in [this] class action of large numbers of statutory damages claims . . . distorts the purpose of both statutory damages and class actions." *Parker v. Time Warner Entm't Co., L.P.*, 331 F.3d 13, 22 (2d Cir. 2003). Defendants' motion is therefore denied in this respect without prejudice to raising it again if and when a jury has actually awarded damages, at which time defendants may make the appropriate motion for a reduction of that award.
*In re Scotts EZ Seed Litig.*, 2017 WL 3396433, at *6 (internal citations omitted).

*maintained"* (emphasis added)—not *"a class action may be permitted."* *Id.* 559 U.S. at 399-400 (emphasis in original).

The simple answer is that "[S]ection 901(b) is no longer valid in federal court after *Shady Grove*." *In re Scotts EZ Seed Litig.*, No. 12-CV-4727 (VB), 2017 WL 3396433, at *6 (S.D.N.Y. Aug. 8, 2017). While Plaintiffs appreciate the bravery of Defendants in arguing that the Supreme Court got it wrong, *Shady Grove* remains good law. *Bristol Vill., Inc. v. Louisiana-Pac. Corp.*, 916 F. Supp. 2d 357, 371 n.5 (W.D.N.Y. 2013) ("Although N.Y.C.P.L.R. 901(b) prohibits class action relief for a statutorily-imposed penalties or minimum damages, the Supreme Court held in [*Shady Grove*] that the certification requirements of Rule 23 preempted this state law 'procedural' limitation in federal actions."); *Guido v. L'Oreal, USA, Inc.*, No. CV 11-1067, 2013 WL 3353857, at *17 (C.D. Cal. 2013) ("[A]lthough allowing the New York class to pursue statutory damages appears to contravene New York procedural law, this outcome is required under *Shady Grove*."). "Once certified, a class action in federal court would *not* be influenced by § 901(b) under Shady Grove." *Belfiore v. Procter & Gamble Co.*, 311 F.R.D. 29, 59 (E.D.N.Y. 2015) (emphasis added). The court in *Kurtz* also closely analyzed this issue finding:

> The New York Court of Appeals has emphasized the desirability of a flexible interpretation of section 901(b) to permit effective use of a class action in protecting large numbers of people. . . . While disagreeing with the Supreme Court majority opinion, the district court is bound by it. A certified damages class under Rule 23 *is not controlled by section 901(b)*—statutory damages under section 349(h) are available on a class basis in federal court, even though they would be barred by section 901(b) if the same action were to proceed in state court—an undesirable situation in view of Erie principles.

321 F.R.D. at 501-502 (emphasis added).

***Further***, Defendants' emphasis on *Bateman v. American Multi-Cinema, Inc.*, 623 F.3d 708 (9th Cir. 2010), is also misplaced. Defendants tout *Bateman* as "endorsing" the approach that certification is inappropriate in circumstances were "the aggregation of statutory damages would

amplify the defendant's exposure to unreasonable amounts bearing no relation to the class' harm." Def. Mot. At 11. That "holding" and the promised "endorsement" cannot be found in *Bateman.*

Instead, the Ninth Circuit "concluded that the proportionality of the potential liability to actual harm was an improper consideration under FACTA[.]" *Bateman,* 623 F.3d at 721. In supporting that holding, the Court proffered a detailed rationale, much of which is present here. In addition, the Ninth Circuit also held that the potential for large liability can justify the denial of class certification. There, the Court held that "[w]e hold that such consideration is not an appropriate reason to deny class certification under Rule 23(b)(3)." *Id.* Given *Bateman,* Defendants' contention that they face *possible* large statutory damages does not support decertification and, under Ninth Circuit precedent, is not even a relevant inquiry.

Accordingly, the Court should deny Defendants' alternative request to decertify the New York Class.

## CONCLUSION

For the reasons set forth above, the Court should deny Defendants' Motion for Partial Summary Judgment, alternative request for decertification, and request to strike Plaintiffs' New York statutory damages calculation.

Dated: October 9, 2018

*/s/ Jeffrey M. Tillotson*
Jeffrey M. Tillotson (SBN 139372)
**TILLOTSON LAW**
1807 Ross Avenue, Suite 325
Dallas, Texas 75201
Telephone: (214) 382-3041
Facsimile: (214) 292-6564
Email: jtillotson@tillotsonlaw.com

KAPLAN FOX & KILSHEIMER LLP
Laurence D. King (SBN 206423)
lking@kaplanfox.com
Linda M. Fong (SBN 124232)
lfong@kaplanfox.com
350 Sansome Street, Suite 400
San Francisco, California 94104
Telephone: (415) 772-4700
Facsimile: (415) 772-4707
-and-

KAPLAN FOX & KILSHEIMER LLP
Robert N. Kaplan (admitted pro hac vice)
rkaplan@kaplanfox.com
Lauren I. Dubick (admitted pro hac vice)
ldubick@kaplanfox.com
850 Third Avenue, 14th Floor
New York, New York 10022
Telephone: (212) 687-1980
Facsimile:  (212) 687-7714
-and-
STANLEY LAW GROUP
Matthew Zevin (SBN 170736)
mzevin@aol.com
10021 Willow Creek Road
San Diego, California 92131
Telephone: (619) 235-5306
Facsimile:  (815) 337-8419

*Counsel for Plaintiffs*
*Ilana Farrar, Andrea Lopez and Rosanne Cosgrove, on behalf of themselves and all others similarly situated*

## CERTIFICATE OF SERVICE

The above and foregoing document was served upon all counsel of record herein by ECF on October 9, 2018.

*/s/ Jeffrey M. Tillotson*
Jeffrey M. Tillotson (SBN 139372)