Sean Eskovitz (SBN 241877)
seskovitz@wilkinsonwalsh.com
**WILKINSON WALSH + ESKOVITZ LLP**
11601 Wilshire Blvd., Suite 600
Los Angeles, CA 90049
Telephone: (424) 316-4000
Facsimile: (202) 847-4005

Brian L. Stekloff (*pro hac vice*)
bstekloff@wilkinsonwalsh.com
James M. Rosenthal (*pro hac vice*)
jrosenthal@wilkinsonwalsh.com
Kieran Gostin (*pro hac vice*)
kgostin@wilkinsonwalsh.com
**WILKINSON WALSH + ESKOVITZ LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005

*Counsel for Defendants Bayer AG, Bayer Corporation, and Bayer HealthCare LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ILANA FARAR, ANDREA LOPEZ, and ROSANNE COSGROVE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BAYER AG, BAYER CORPORATION, and BAYER HEALTHCARE LLC,<br><br>Defendants. | Case No. 3:14-CV-04601-WHO<br><br>**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON NEW YORK STATUTORY DAMAGES, OR, IN THE ALTERNATIVE, TO STRIKE MATERIAL FROM PLAINTIFFS' EXPERT REPORT, OR TO DECERTIFY THE CLASS AS TO PLAINTIFFS' REQUEST FOR STATUTORY DAMAGES**<br><br>Hearing Date: October 26, 2018<br>Time: 9:00 AM |

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................... 1

SUPPLEMENTAL STATEMENT OF FACTS ................................................................. 1

ARGUMENT ...................................................................................................................... 2

    **I. The Court Should Resolve Whether Statutory Damages
       Are Available Per Unit.** ............................................................................................... 2

    **II. Statutory Damages Are Not Available Per Unit.** .................................................... 3

    **III. Statutory Damages Should Not Be Awarded on a Class-Wide Basis.** ................ 7

CONCLUSION ................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases** Page(s)

*Index Fund, Inc. v. Hagopian*,
  677 F. Supp. 710 (S.D.N.Y. 1987) ..................................................................................4

*Aspinall v. Philip Morris Companies, Inc.*,
  2013 WL 7863290 (Mass. Super. 2013) .......................................................................5, 6

*Bateman v. Am. Multi-Cinema, Inc.*,
  623 F.3d 708 (9th Cir. 2010) .........................................................................................7, 8

*Kline v. Coldwell, Banker & Co.*,
  508 F.2d 226 (9th Cir. 1974) ............................................................................................7

*Loughrin v. United States*,
  134 S. Ct. 2384 (2014) ......................................................................................................5

*Mpoyo v. Litton Electro-Optical Sys.*,
  430 F.3d 985 (9th Cir. 2005) ............................................................................................4

*Netzer v. Continuity Graphic Associates, Inc.*,
  963 F. Supp. 1308 (S.D.N.Y. 1997) .................................................................................6

*Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*,
  559 U.S. 393 (2010) ..........................................................................................................9

*Sharpe v. Puritan's Pride, Inc.*,
  2017 WL 475662 (N.D. Cal. 2017) ..................................................................................7

**Statutes**

New York General Business Law Section 349(h) ................................................................ passim

New York General Business Law Section 350-e .....................................................................1, 2

**Rules**

Section 901(b) of the New York Civil Practice Law and Rules ..............................................8, 9

**Other Authorities**

Restatement (Second) of Judgments § 24 ....................................................................................4

# INTRODUCTION

Despite disclosing two successive expert reports calculating class-wide statutory damages for the New York class—the first seeking approximately ▮▮▮▮ and the second seeking approximately ▮▮▮▮—Plaintiffs now disavow that they will "ask the trier of fact to award a 'global statutory damages number'" in Phase II of the trial. Pls.' Opp'n Defs.' Mot. Partial Summ. J. ("Pls.' Opp'n"), ECF No. 230-3 at 2. Defendants agree that there should be no aggregate statutory damages award. But Plaintiffs' concession does not change the fact that their request for per-unit statutory damages, which they continue to assert class members should be able to seek on an individual basis in Phase III, raises a pure issue of law: whether New York's consumer protection statutes permit statutory damages to be recovered on a per-person or per-unit basis. That issue is ripe for adjudication and should be decided in Defendants' favor.

# SUPPLEMENTAL STATEMENT OF FACTS

The expert report from Mr. Bergmark addressed in Defendants' motion, among other things, purports to calculate statutory damages for the New York class by multiplying the number of units purchased in New York during the class period by either fifty or five hundred dollars. *See* Expert Report of B. Bergmark, ECF No. 227-3 ¶¶ 21–22. According to that report, this arithmetic would yield aggregate statutory damages of ▮▮▮▮ under New York General Business Law Section 349(h) (fifty-dollar statutory damages) and ▮▮▮▮ under New York General Business Law Section 350-e (five-hundred-dollar statutory damages). *Id.* ¶ 22.

Shortly after Defendants filed this motion, Plaintiffs served a supplemental report by Mr. Bergmark on September 25, 2018. *See generally* Decl. of S. Eskovitz, Ex. A, Supp. Expert Report of B. Bergmark. Plaintiffs' supplementation was not related to this motion but was based on additional sales data Defendants subpoenaed from a third-party vendor and provided to Plaintiffs. Though Plaintiffs had already seen Defendants' motion when the supplemental expert report was served, and Mr. Bergmark purports to "express no opinion on whether statutory damages should be calculated on a per unit basis . . . or per consumer basis," *id.* at 6,

the report continues to employ the same per-unit methodology to calculate aggregate statutory damages. Because the revised sales data reflects lower unit sales in New York, the supplemental report estimates aggregate statutory damages of ▮▮▮▮▮ under Section 349(h) and ▮▮▮▮▮ under Section 350-e.

In their opposition, Plaintiffs for the first time disavow that that they will present these aggregate statutory damages numbers to the trier of fact or seek an award of aggregate statutory damages. Pls.' Opp'n at 1, 4. Plaintiffs explain that, "[u]pon further review and consideration of the Court's trial plan," they do not intend "to offer a 'global' statutory damages numbers as part of either Phase I (Liability) or Phase II (Damages) of the trial." *Id.* at 4. They are clear, however, that they may still seek to allow New York class members to seek statutory damages "during Phase III (Claims Administration)" and will continue to assert that these statutory damages should be awarded on a per-unit basis. *Id.*

## ARGUMENT

### I. The Court Should Resolve Whether Statutory Damages Are Available Per Unit.

Though Plaintiffs pay lip service to defending their per-unit theory of statutory damages, their opposition focuses primarily on avoiding any ruling on this pure question of law. Plaintiffs contend that because "[n]o 'global number' of statutory damages is awarded or assessed," this Court should not resolve the legal viability of Plaintiffs per-unit theory. Pls.' Opp'n at 1.

Plaintiffs are half right. Defendants agree that statutory damages cannot be awarded as a lump sum for the entire New York class. In fact, the same logic applies to Plaintiffs' request for actual damages. The aggregate damages calculations contemplated by the Court in Phase II, whether statutory damages or actual damages, cannot establish how much Defendants actually owe to the class because class members and Defendants will have the opportunity to litigate each individual class member's entitlement to recover in Phase III based on that individual's unique circumstances. Trial Plan, ECF No. 198 at 2. For example, although the Court has not yet decided all the individual issues to be litigated in Phase III, the Court indicated as an

illustration that a class member will not be permitted to recover if he or she purchased a One A Day product because it was "prescribed" by a doctor. *Id.* As a result, the aggregate damages numbers contemplated in Phase II merely set the outer limit of potential damages—*i.e.*, the theoretical maximum exposure that could be awarded to individual class members if *all* class members were able to establish their individual right to recover in Phase III.

But Plaintiffs are wrong in asking the Court not to rule on the threshold legal issue of whether New York statutory damages are available on a per-person or per-unit basis. In rejecting Plaintiffs' opposition to Defendants' motion for leave to file this motion, the Court explained that "[r]esolving the issue of plaintiffs' entitlement to statutory damages under New York law is more efficiently addressed now, as opposed to on a motion in limine or through other pre-trial mechanisms." Order Regarding Defs.' Mot. Statutory Damages, ECF No. 229 at 1.

This remains true. Plaintiffs continue to assert that individual class members should be permitted to seek statutory damages on a per-unit basis during Phase III. Pls.' Opp'n at 4, 6–10. But they do not identify any factual disputes that will be resolved between now and then that might change whether New York's consumer protection statutes permit statutory damages on a per-unit basis—nor could any such facts exist. The availability of statutory damages on a per-unit basis is a pure issue of law that can and should be resolved now.

## II. Statutory Damages Are Not Available Per Unit.

Plaintiffs' request for per-unit statutory damages is prohibited by the plain language of New York's consumer protection statutes, which contemplate that a plaintiff bringing an action should be able to seek statutory damages of no more than fifty or five hundred dollars. Sections 349(h) and 350-e authorize "any person who has been injured for any violation" to bring "an action to recover" the "greater" of that person's "actual damages" or the applicable statutory minimum of fifty or five hundred dollars. There is no language authorizing a plaintiff to multiply the statutory minimum available to a person bringing suit by the number of units purchased. This was precisely Plaintiffs' reading of the statutes when they filed their complaint,

1   in which they expressly alleged that statutory damages were calculated per person. *See* Defs.'
2   Mot. & Mem. Supp. Partial Summ. J. ("Defs.' Mem."), ECF No. 227 at 1, 6 (citing Second Am.
3   Class Action Compl., ECF No. 58 ¶¶ 139, 151). Yet Plaintiffs do not address this allegation from
4   their complaint, nor do they say anything else that could change the plain meaning of the
5   statutes.

6       *First*, Plaintiffs incorrectly argue that New York class members can recover statutory
7   damages on a per-unit basis because a "fair reading" of Sections 349(h) and 350-e "is that 'any
8   person' can seek actual or statutory damages to remedy *each injury*" that the person incurred.
9   Pls.' Opp'n at 7 (emphasis in original). This is yet another attempt to read language into the
10  statutes that does not exist. The statutes do not use the term "each injury," let alone authorize a
11  separate recovery of statutory damages for each injury. The statutes simply state that "any
12  person who has been injured" can bring an action. This injury requirement does nothing more
13  than indicate who can bring an action (*i.e.*, a person who has been injured), and says nothing
14  about the statutory damages that the injured party can recover.

15      The implication of Plaintiffs' argument is that each class member could bring a separate
16  lawsuit for each separate One A Day purchase. The law is the opposite: well-established
17  principles of claim preclusion require a plaintiff to bring claims based on a series of transactions
18  related to the same set of facts in a single lawsuit. *Mpoyo v. Litton Electro-Optical Sys.*, 430
19  F.3d 985, 987 (9th Cir. 2005); Restatement (Second) of Judgments § 24, comment d, (1982).
20  For example, in *Index Fund, Inc. v. Hagopian*, a plaintiff had sued its insurer in connection with
21  8 of 21 related transactions of allegedly overpriced securities; the court rejected on claim
22  preclusion grounds the plaintiff's attempt to bring a second suit based on the other 13
23  transactions. 677 F. Supp. 710, 715–16 (S.D.N.Y. 1987). The same analysis would apply here.
24  Any allegedly injured person is limited to bringing one lawsuit, and making one recovery of the
25  statutory damages minimum, regardless of the number of purchases he or she made.

26      *Second*, Plaintiffs incorrectly argue that the "any violation" language used in Sections
27  349(h) and 350-e is the same as the "each violation" language used in Section 350-d, which
28

- 4 -

**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**
**CASE NO. 3:14-CV-04601-WHO**

allows the New York Attorney General to seek civil penalties on a per-unit basis. Pls.' Opp'n at 9. These terms, however, are not synonymous—particularly when considered within the context of the statutory provisions. Sections 349(h) and 350-e permit "any person who has been injured for *any violation*" to bring an action. As noted, this is just part of the statute's injury requirement identifying who can bring an action. Section 350-d, in contrast, expressly states that in suits brought by the New York Attorney General, a defendant is liable for "a civil penalty of not more than five thousand dollars for *each violation*." The New York legislature could have included similarly clear language permitting statutory damages to be awarded for "each violation" in suits brought by private parties, but it chose not to do so. *See Loughrin v. United States*, 134 S. Ct. 2384, 2390 (2014) (holding that when a legislature includes language in one provision of a statute but not another, it is presumed that the legislature "intended a difference in meaning").

As explained, this was the case in *Aspinall v. Philip Morris Companies, Inc.*, 2013 WL 7863290 (Mass. Super. 2013), which considered the same per-unit versus per-person issue in the context of a Massachusetts consumer protection statute. *See* Defs.' Mem. at 9. Like New York's statutes, the Massachusetts statute permits the state attorney general to seek a civil penalty for "each violation," but does not include that language in the provision authorizing suits by private parties. *Id.* at *8. And like Plaintiffs here, the plaintiffs in *Aspinall* argued that the fact that the Attorney General could recover penalties on a per-unit basis somehow meant that they should be able to recover statutory damages on a per-unit basis as well. *Id.* at *9.

The *Aspinall* court rejected the plaintiffs' reliance on the separate Attorney General provision as "actually antagonistic to the plaintiffs' argument." *Id.* As the court explained,

> If the Legislature wanted to allow private plaintiffs to recover [statutory damages] "for each such violation," [the Attorney General provision] demonstrates that the Legislature knew how to craft a statute that would provide for that relief.

*Id.* Plaintiffs do not address this highly analogous case because it cannot be meaningfully distinguished.

*Third*, Plaintiffs' assertion that their interpretation is supported by Section 349 referencing "deceptive acts and practices" in certain subsections (with Plaintiffs emphasizing that "acts" and "practices" are plural) is not persuasive. Pls.' Opp'n at 9. These subsections do nothing more than indicate that multiple types of "acts" and "practices" are unlawful under the statute. For example, Section 349(a) states that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the state are hereby declared unlawful." This subsection is irrelevant to the question whether statutory damages are available on a per-person or per-unit basis. In fact, none of the subsections that use the term "deceptive acts or practices" even references statutory damages.[1]

*Finally*, Plaintiffs' erroneous reading of the statute is not saved by their resort to the intended purpose of the statutory damage provisions. *See* Pls.' Opp'n at 7–8. Plaintiffs assert that these statutory minimum damages provisions are intended to ensure consumers can meaningfully recovery if successful in their lawsuit. *Id.* Defendants agree, but this does not mean that the available recovery is intended to be limitless. To the contrary, the legislative history of Section 349(h) makes clear that the New York legislature was not concerned that the amount of fifty was too small to be meaningful; it was concerned that the statutory damages would be so large they would encourage frivolous lawsuits. *See* Defs.' Mem. at 7–8. As a result, legislators made clear that an "individual who will commence an action can, at most, recover $50" in statutory damages. 1980 N.Y. State Assembly Debate at 4420. Plaintiffs do not even address this legislative history, which confirms the statute's plain language: statutory minimum damages cannot be multiplied by the number of units purchased.

Given this plain language, Judge Donato recognized that statutory penalties under Section 349(h) are calculated on a per-person basis. *Sharpe v. Puritan's Pride, Inc.*, No. 16-cv-

---

[1] Plaintiffs cite *Netzer v. Continuity Graphic Associates, Inc.*, 963 F. Supp. 1308 (S.D.N.Y. 1997), in support of their position, but that case is inapposite. The court mentions "recurring violations" in the context of holding that the only types of deceptive acts and practices that can lead to liability are those targeted at the consuming public writ large. *See id.* at 1323. It does not address whether a particular plaintiff can recover statutory damages per purchase.

6717-JD, 2017 WL 475662, at *2 (N.D. Cal. 2017). Plaintiffs point out that this statement is *dicta*, which is true but beside the point. Judge Donato's analysis reflects the natural reading of the statute's language. Based on that plain language, he understood the statute to permit statutory damages on a "per person" or "per claimant" basis. *Id.* This Court should rule the same.

**III.     Statutory Damages Should Not Be Awarded on a Class-Wide Basis.**

Because Plaintiffs have disavowed any aggregate statutory damages award in this case, as a practical matter, the New York class's claims for statutory damages will no longer be adjudicated on a class-wide basis. Instead, Plaintiffs concede that class members will only be able to seek statutory damages individually based on their individual proofs in Phase III. Plaintiffs' concession obviates the need to resolve now whether certification of a statutory damages class is consistent with Rule 23's superiority requirement.[2] Nonetheless, Defendants briefly respond to Plaintiffs' arguments for the sake of completing the record and preserving Defendants' position.

The Ninth Circuit has twice explained that the class-wide treatment of statutory damages may be impermissible under Rule 23's superiority requirement if the statutory damages awarded are sufficiently disproportionate to the class's actual harm. *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 722–23 (9th Cir. 2010); *Kline v. Coldwell, Banker & Co.*, 508 F.2d 226, 234–35 (9th Cir. 1974). Contrary to Plaintiffs' suggestion, Pls.' Opp'n at 12–13, *Bateman* did not hold that it was always improper to consider the proportionality of potential liability to actual harm. Rather, the court simply held that such a consideration was not appropriate in light of the legislative intent underlying the specific statute at issue there. 623 F.3d at 721. This is apparent from the way the court explained its own task in *Bateman*:

---

[2] Plaintiffs indicate in their opposition that they might seek to triple the New York class's actual damages. Pls.' Opp'n at 6, 11. Although not necessary to decide for purposes of this motion, Defendants disagree that this should be permitted. The trial plan does not allow Plaintiffs to prove willfulness, which is required before the Court can in its discretion award treble damages, nor have Plaintiffs challenged this aspect of the trial plan or demonstrated they could prove willfulness.

- 7 -

> We therefore must decide whether a plaintiff satisfies Rules 23's requirements where certification of a class would threaten to impose liability disproportionate to the harm caused. As we have explained, *the touchstone of this determination is whether denying class certification on this ground is consistent with congressional intent*. *Id.* at 717 (emphasis added).

Following this same "touchstone" as a guide, the facts of this case are the opposite of the facts of *Bateman*. In *Bateman*, the Ninth Circuit conducted a detailed analysis of the statute at issue to ascertain legislative intent. *Id.* at 717–21. Among other things, the court looked at Congress's recent amendment of the underlying substantive statute. *Id.* at 720. In reviewing the legislative history of that amendment, the court emphasized that Congress was aware of concerns that class actions brought under the statute had been certified where the aggregate statutory damages were disproportionate to the class's actual harm, but Congress elected not to make any changes to the statute based on those concerns. *Id.* As the court explained, "[h]ad Congress been sufficiently concerned about disproportionate damages as a result of class actions, it would have limited class availability or aggregate damages. Yet Congress did nothing of the sort." *Id.*

By contrast, here, the New York legislature specifically rejected versions of the statute that would have permitted the sort of class action previously sought by Plaintiffs precisely because of concerns about excessive aggregate awards. The legislature enacted Sections 349(h) and 350-e with the understanding that Section 901(b) of the New York Civil Practice Law and Rules expressly prohibits class actions seeking statutory damages absent specific language allowing such class actions in the underlying substantive statute. See Defs.' Mem. at 12–13. Against that backdrop, state representatives initially proposed versions of Section 349(h) and 350-e that permitted the recovery of statutory damages in class actions. *Id.* But the legislature rejected these versions and subsequently passed versions of both bills omitting the relevant language allowing for class actions. *Id.* As the legislative history makes apparent, the legislature reached a "compromise" because of the "fear that class actions for statutory damages would be sought." Section 349 Bill Jacket at 10 (Letter from Senator Bruno). Again, Plaintiffs do not even address this legislative history.

1   Instead, Plaintiffs erroneously focus on *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010).  As explained, *Shady Grove* has no bearing on the superiority analysis that *Bateman* mandates.  Defs.' Mem. at 13–14.  The question here is not whether Section 901(b) applies in federal court to bar *all* class actions seeking statutory damages under New York law.  *Shady Grove* tells us the answer to that question is no.  The question is whether the New York legislature, in enacting Sections 349(h) and 350-e, intended to permit the sort of class-wide liability that Plaintiffs previously seemed to seek in this particular case—*i.e.*, billions of dollars in statutory damages bearing almost no relation to the class's alleged actual damages.  In other words, a statutory damages class here would not be prohibited by operation of 901(b); it would be prohibited by operation of the superiority requirement of Rule 23.  And the Ninth Circuit has directed that the analysis of this superiority requirement turns on the legislative intent behind Sections 349(h) and 350-e.  *Shady Grove* does not address this superiority requirement.

Plaintiffs have withdrawn their intent to seek an award of aggregate statutory damages.  Defendants take Plaintiffs at their word.  But if at any point Plaintiffs attempt to seek aggregate statutory damages, their statutory damages class should be decertified because it is inconsistent with the New York legislature's intent in enacting its consumer protection statutes.

## CONCLUSION

Plaintiffs have now represented that they will no longer seek an aggregate statutory damages award.  That representation resolves some, but not all, of the issues raised by Defendants' motion.  Plaintiffs still assert that New York class members should be permitted to seek per-unit statutory damages in Phase III.  The Court should rule that class members cannot seek statutory damages on a per-unit basis.

- 9 -

**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**
**CASE NO. 3:14-CV-04601-WHO**

Dated: October 16, 2018

Respectfully submitted,

By: /s/ Sean Eskovitz

**WILKINSON WALSH + ESKOVITZ LLP**
Sean Eskovitz (SBN 241877)
seskovitz@wilkinsonwalsh.com
11601 Wilshire Blvd., Suite 600
Los Angeles, CA 90049
Telephone: (424) 316-4000
Facsimile: (202) 847-4005

**WILKINSON WALSH + ESKOVITZ LLP**
Brian L. Stekloff (*pro hac vice*)
bstekloff@wilkinsonwalsh.com
James M. Rosenthal (*pro hac vice*)
jrosenthal@wilkinsonwalsh.com
Kieran Gostin (*pro hac vice*)
kgostin@wilkinsonwalsh.com
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005

*Counsel for Defendants Bayer AG, Bayer Corporation, and Bayer HealthCare LLC*

- 10 -