UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CIVIL MINUTES

| **Date:** October 26, 2018 | **Time:** 21 minutes<br>9:02 a.m. to 9:23 p.m. | **Judge:** WILLIAM H. ORRICK |
|---|---|---|
| **Case No.**: 14-cv-04601-WHO | **Case Name:** Farar v. Bayer AG | |

**Attorneys for Plaintiffs:** Jeffrey M. Tillotson, Matthew Zevin, and Laurence D. King
**Attorneys for Defendants:** James Rosenthal, Alex Walsh, Sean Eskovitz, and Kieran Gostin

**Deputy Clerk:** Jean Davis                                         **Court Reporter:** Katherine Sullivan

PROCEEDINGS

Counsel appear for hearing on defendant's motion for partial summary judgment on New York statutory damages or in the alternative to strike or decertify the class.   The motion is GRANTED in part.  Considering the language of the relevant statutes (New York General Business Law Sections 349(h) & 350-e), the Court holds that statutory damages are available only on a per person, not a per transaction, basis.  The conclusion is supported by the plain text of the statutes, including the New York Legislature's use of broader "for each violation" language with respect to the Attorney General's ability to seek statutory damages, as well as the legislative history. Both sides agree that a New York consumer's election of statutory damages would occur, if at all, at the Claims Administration stage in Phase III.  Dkt. No. 198.  Defendant's alternative motions to strike or decertify are DENIED.

The administrative motions to file under seal (Dkt. Nos. 226, 230, 234) are DENIED. Defendant's declarations in support of sealing do not demonstrate compelling justifications for sealing information regarding defendant's aggregated sales per state (New York, Florida, California) per class period year (2010 - 2017) or the plaintiff's calculation of average retail price per unit. This aggregated sales information is the key proof for plaintiffs' damages and will be introduced at trial.  Defendant's declarations in support of sealing do not show that defendant will suffer any, much less a significant, competitive disadvantage if this aggregate data is publicly disclosed.

The status of the proposed revised class notice and further mediation efforts briefly discussed.

The class notices revised in accordance with the Court's directions, Dkt. No. 201, are APPROVED.