UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILANA FARAR, et al., | Case No.  14-cv-04601-WHO |
| Plaintiffs, | |
| v. | **PRELIMINARY JURY INSTRUCTIONS** |
| BAYER AG, et al., | |
| Defendants. | |

### INSTRUCTION NO. 1 - DUTY OF THE JURY

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.  It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or implicit biases.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions.  It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

**JURY INSTRUCTION NO. 2 - OUTLINE OF THE TRIAL**

Trials proceed in the following way:  First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**JURY INSTRUCTION NO. 3 - CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiffs assert that Bayer has falsely claimed that its One A Day multivitamins support heart health, immunity, and physical energy.  The Plaintiffs have the burden of proving these claims.

The Defendants deny all of Plaintiffs' claims.  They assert that their statements about the ability of One A Day multivitamins' to support a person's heart health, immunity, and physical energy provide accurate information to consumers.

1

**JURY INSTRUCTION NO. 4 - "CLASS ACTION" DEFINED**

2

3        This lawsuit has been brought as a "class action."  A class action is a lawsuit that has been

4   brought by one or more people called class representatives who bring the lawsuit on behalf of a

5   larger group of people that are similarly situated.  All of these people together are called a "class."

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 5 - DEFINING THE CLASSES**

This lawsuit involves three classes of plaintiffs: a California class, a New York class, and a Florida class.  Individual plaintiff Ilana Farar is suing on behalf of herself and on behalf of residents of California who bought One A Day between October 15, 2010 and November 15, 2017.  Individual plaintiff Andrea Lopez is suing on behalf of herself and on behalf of residents of Florida who bought One A Day between October 15, 2010 and November 15, 2017.  Individual plaintiff Rosanne Cosgrove is suing on behalf of herself and on behalf of residents of New York who bought One A Day between October 15, 2011 and November 15, 2017.
Each of the three class representatives purchased one bottle of One A Day multivitamins.

Throughout trial, you may hear the three individual named plaintiffs, Ms. Farar, Ms. Lopez, and Ms. Cosgrove, together with the persons they represent, referred to collectively as the "plaintiffs" or simply the "classes."  The three named plaintiffs may be referred to as the "named plaintiffs" or "class representatives."

1

2

### JURY INSTRUCTION NO. 6 - NO INFERENCE FROM CLASS ACTION

3

4          The fact that this case is proceeding as a class action does not mean any decision has been

5    made about the merits of the case, and it should not affect your view of the evidence or influence

6    your deliberations in any manner.  You must not infer anything about the merits of this case based

7    on the fact that it is a class action.

8

9

10

11

12

13

United States District Court
Northern District of California

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### JURY INSTRUCTION NO. 7 - DEFENDANTS

There are three Defendants in this case who are all part of the same corporate family: Bayer AG, Bayer Corporation, and Bayer Healthcare LLC. Throughout these instructions, I may refer to all three simply as "Bayer."

1

**JURY INSTRUCTION NO. 8 - CORPORATE EQUALITY**

2

3         All parties are equal before the law and a corporation like Bayer is entitled to the same fair

4   and conscientious consideration by you as any party.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 9 - RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

United States District Court
Northern District of California

1

**JURY INSTRUCTION NO. 10 - NO TRANSCRIPT AVAILABLE TO JURY**

2

3        I urge you to pay close attention to the trial testimony as it is given.  During deliberations

4    you will not have a transcript of the trial testimony.

**JURY INSTRUCTION NO. 11 - TAKING NOTES**

  If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.

  Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

**JURY INSTRUCTION NO. 12 - EXPLANATION OF TRIAL PLAN**

There will be two phases to this trial. The first phase considers whether the Defendants are liable for Plaintiffs' claims and the second phase concerns damages.

**JURY INSTRUCTION NO. 13 - PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**JURY INSTRUCTION NO. 14 - WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

    the sworn testimony of any witness;

    the exhibits that are admitted into evidence;

    any facts to which the lawyers have agreed; and

    any facts that I may instruct you to accept as proved.

1

**JURY INSTRUCTION NO. 15 - DIRECT AND CIRCUMSTANTIAL EVIDENCE**

2

3        Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as

4    testimony by a witness about what that witness personally saw or heard or did.  Circumstantial

5    evidence is proof of one or more facts from which you could find another fact. You should

6    consider both kinds of evidence.  The law makes no distinction between the weight to be given to

7    either direct or circumstantial evidence.  It is for you to decide how much weight to give to any

8    evidence.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 16 - WHAT IS NOT EVIDENCE**

During the trial, you should keep in mind that, in reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. The following are not evidence:

Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls. You should disregard any comment that has no basis in the evidence.

Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

Anything you may see or hear when the court is not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1

**JURY INSTRUCTION NO. 17 - DEPOSITION TESTIMONY**

2

3       A deposition is the sworn testimony of a witness taken before trial.  The witness is placed

4   under oath to tell the truth as if he or she is in this courtroom and lawyers for each party may ask

5   questions.  The questions and answers are recorded.

6       You will hear some deposition testimony in this case.  You should consider deposition

7   testimony in the same way as if the witness had been present to testify live.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 18 - CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

1

2

3

### JURY INSTRUCTION NO. 19 - EXPERT WITNESSES

In this case you will hear testimony from several expert witnesses who will testify to their opinions and the reasons for their opinions.  This opinion testimony is allowed because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 20 - CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed

United States District Court
Northern District of California

20

during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

1

**JURY INSTRUCTION NO. 21 – QUESTIONS FOR THE JURY ON PHASE ONE**

2

3        At the end of the first phase of the trial, you will be asked to answer the three questions

4   below, which I am giving you now to help focus your attention on the issues as they are raised in

5   trial.  I will provide more instructions on the law before you deliberate to further define the terms

6   used in the questions.

7        1.        Did plaintiffs prove that the Challenged Statements (support for heart health,

8   support for immunity, support for physical energy) are false, misleading or deceptive?  Answer

9   yes or no as to each Challenged Statement.

10       2.        Did plaintiffs prove that they relied on the Challenged Statements in connection

11  with their respective purchase of the One A Day Products?  Answer yes or no as to each plaintiff.

12       3.        Did plaintiffs prove that defendants' actions were willful or knowing?

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California